No. 108.—WILLIAM B. CHAPMAN, plaintiff in error, *vs.* THE STATE, defendant in error.

[1.] Hudson and Hutson are *idem sonans.*

[2.] Although the State should fail to prove any particular day, month or year on which the defendant played and bet at cards, still, the testimony is sufficient to warrant a conviction, if it is shown to have been done at any time within two years immediately preceding the term of the Court at which the bill was found.

Indictment for misdemeanor, in Fulton Superior Court. Tried before Judge BULL, April Term, 1855.

This was an indictment, found by the Grand Jury of Fulton County, at the April Term, 1854, of the Superior Court, against the defendant, William B. Chapman, for playing and betting at various games played with cards. To which the plea of not guilty was filed.

On the trial, Counsel for the defendant, before arraignment, moved the Court to quash the bill of indictment, upon the

ground that it appeared, from the bill, that Wesly Hudson and Edmund R. Gresham, acted as Grand Jurors in finding the said bill, when it appeared from the minutes of the Court, at April Term, 1854, that Wesly Hutson and Edmund R. Gresham, were sworn and acted as Grand Jurors at said term of the Court, when said bill was found. Which motion the Court over-ruled, having previously, on motion of the Solicitor General, allowed the minutes of the Court to be corrected, upon parol proof that the name of the Juror was Edmund R. Gresham, so as to make the name of the Juror Gresham, upon the minutes, correspond with that inserted in the bill of indictment; and Counsel for defendant excepted.

James Sartin, sworn for the State, testified: "that he saw defendant play and bet for money at a game of cards, poker or seven up, some time during the years 1851, 1852, 1853, or 1854—could not specify the year—thought it was within two years immediately preceding the term of the Court at which the bill of indictment was found; could not state the day, month or year."

Counsel for defendant requested the Court to charge the Jury, that before they could find the defendant guilty, it was incumbent upon the State to prove and show a particular day upon which the offence was committed.

Which charge the Court refused to give, but did charge the Jury, "that if they were satisfied from the evidence, that the defendant had played and bet for money at any game of cards charged in the bill of indictment, at any time within two years immediately preceding the term of the Court at which said bill was found, although the State had shown no particular or specific day, month or year, they ought to find the defendant guilty.

To which charge and refusal to charge by the Court, Counsel for defendant excepted; and upon these exceptions, errors have been assigned.

GARTRELL & GLENN, for plaintiff in error.

SOL. GENL. BLECKLEY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] No error is assigned as to Gresham's name; and the question is, whether Hudson and Hutson be *idem sonans?*

In 7 *Missouri Reports,* 142, the point was made upon this identical name; and it was held, that the popular pronunciation of the two letters which constitute the alleged difference in the word, whether written Hudson or Hutson, being precisely the same, there was no difference.

We would merely add, that mistakes in spelling or writing the names of Grand Jurors, either by the clerk of the Jury, in the body of the indictment, or by the Clerk of the Court, upon its minutes, may always be corrected—the real question being as to the identity of the person. The change continually going on in the mode of spelling names—the different pronunciation of the same name, according to the circumstances and condition in life of the owner, makes the objection, upon the score of discrepancy, much less material than formerly. *Idem sonans* is no longer an infallible test. *Identitate personæ,* and not *identitate nominis,* is and should always have been the true and only issue.

[2.] We see no error in the charge of the Court. It was in conformity with the law and the decisions of this Court, and is the best rule that could be prescribed for defendants; because the more vague and indefinite the accusation and the proof, as to time, place and circumstance, the more secure and complete will be the bar against any other prosecution for a similar offence, within the statutory period of limitation. And the *onus* will be upon the State, under such generality, to show that it was a different offence—the record being *prima facie* evidence that it was the same.