### BIGGERS *v.* THE STATE.

Where a person indicted in the name of "Biggers" pleaded in abatement that his true name was "Bickers," and that he had never been known and called by the name of "Biggers," such a plea was properly determined against him on the doctrine of *idem sonans.*

The verdict of guilty was demanded by the evidence, and there was no error in overruling the motion for a new trial.

Submitted October 3,—Decided October 25, 1899.

Indictment for gaming. Before Judge Nottingham. City court of Macon. June term, 1899.

*John R. Cooper*, for plaintiff in error.

*Robert Hodges*, solicitor-general, contra.

Little, J. Plaintiff in error was indicted in the superior court of Bibb county, for the offense of gaming, and tried in the city court of Macon and found guilty. He pleaded a misnomer in abatement, and alleged that his true name is not John Biggers but that his name is John Bickers. By consent the plea was submitted to the judge for determination, who

adjudged that "Upon hearing the evidence I find 'Bickers' and 'Biggers' are *idem sonans*, and find against the plea." He moved for a new trial, on the ground that the verdict was contrary to law and the evidence. The evidence was clear and overwhelming that the defendant was guilty of the offense of playing and betting for money, within the statutory limit of time before the finding of the indictment, at a game known as "craps," played with dice; and the only question is, whether or not the court committed any error in his finding upon the plea of misnomer. We think not. The two names Bickers and Biggers have a very similar sound, and the rule laid down by Mr. Bishop in his Criminal Procedure (4th ed.), vol. 1, § 688, is, that the law does not regard orthography, that no harm comes from misspelling a name, provided it is *idem sonans* with the true spelling. He cites a number of cases to support the doctrine. In the 21 Mo. 504, "Blackenship" was held to be *idem sonans* with "Blankenship." In 18 Ill. 52, "McInnis" was held to be *idem sonans* with "McGinnis." In 2 Greene (Iowa), 88, "Conly" was held *idem sonans* with "Conolly." In the 18 *Ga.* 736 (*Chapman v. State*), it was held that "Hudson" was *idem sonans* with "Hutson." In delivering the opinion in that case, Lumpkin, J., said: "*Idem sonans* is no longer an infallible test. *Identitate personæ*, and not *identitate nominis*, is and should always have been the true and only issue." There was no pretense in this case that the person on trial was not the person who was guilty of the offense charged in the bill of indictment. His plea was that he was not indicted by his right name, and while in all cases the accused has the right not to be held to answer to an indictment framed against another person, nor against himself in any other than his true name or one by which he is known, such immaterial error in orthography as is alleged to exist in this case will not be favorably considered. There was no error in finding against the plea.

*Judgment affirmed. All the Justices concurring.*