## VEAL v. THE STATE.

1. The overruling of a demurrer to an indictment can not properly be made a ground of a motion for a new trial.
2. It is too late, in the absence of exceptions pendente lite, to except to the overruling of a demurrer to an indictment, when twenty days have elapsed since the ruling complained of was made.
3. Upon demurrer to, or motion to strike, a plea of misnomer in a criminal case, the court may, as matter of law, decide that the names " Witt " and " Wid " are idem sonans.
4. The fact that an indictment which describes the accused by his Christian and surnames fails to also designate him by the initial of his middle name is immaterial.
5. The evidence supported the verdict, and there was no error in refusing to grant a new trial.

Argued October 22,—Decided November 14, 1902.

Indictment for selling liquor to a minor.　Before Judge Covington.　City court of Moultrie.　September 2, 1902.

*W. F. Way,* for plaintiff in error.
*J. D. McKenzie, solicitor,* contra.

FISH, J.　The plaintiff in error was tried in the city court of Moultrie, upon a presentment charging Witt Veal with selling and furnishing intoxicating liquors to a minor without written authority so to do from either parent or guardian of such minor.　He demurred to the indictment, and the demurrer was overruled.　Before pleading to the merits, he filed a plea in abatement, in which he alleged that his name was not Witt Veal; that he had never been known or called by that name ; that his name was Wid L. Veal; and that he had never been known or called by any other name.　Upon motion of the solicitor this plea was stricken by the court, upon the ground that the two names were idem sonans.　Upon the trial

the accused was found guilty; whereupon he made a motion for a new trial, which being overruled, he excepted. In his motion for a new trial, in addition to the general grounds, he alleged error on the part of the court in the overruling of the demurrer to the presentment, and error in striking the plea of misnomer " without giving defendant an opportunity of sustaining said plea by proper and legal testimony." In his bill of exceptions he also alleged error upon each of these rulings.

1. The overruling of the demurrer to the presentment could not properly be made a ground of the motion for a new trial. *Palmer* v. *State*, 91 *Ga.* 464; *Roberts* v. *State*, 92 *Ga.* 451; *O'Shields* v. *State*, Ib. 472; *Willbanks* v. *Untriner*, 98 *Ga.* 801.

2. No exceptions to the overruling of the demurrer were filed pendente lite; and as more than twenty days elapsed after this ruling was made before the filing of the bill of exceptions in the case, it was too late to except thereto in, such bill. *Thomas* v. *State*, 90 *Ga.* 437.

3. There was no error in striking the plea of misnomer without giving the accused an opportunity to present evidence in support of the same. The general rule, which we deduce from the authorities, is, that if a demurrer to a plea of misnomer raises the issue of idem sonans, and the two names are necessarily pronounced substantially alike, the issue is to be determined as matter of law, by the court. 14 Am. & Eng. Enc. L. 303, and cases cited. In Commonwealth *v*. Warren, 143 Mass. 568, it was said: " The province of the court and jury in cases like the present is governed by the following rule: If the two names, spelled differently, necessarily sound alike, the court may, as matter of law, pronounce them to be idem sonans; but if they do not necessarily sound alike, the question whether they are idem sonans is a question for the jury." In Munkers *v*. State, 87 Ala. 96, Clopton, J., said: " Though this is strictly a question of pronunciation, when raised by demurrer it may be treated as a question of law; but in such case the judgment of the court should express the conclusion from facts or rules of which judicial notice may be taken. When there is no generally received English pronunciation of the names as one and the same, and the difference in sound is not so slight as to be scarcely perceptible, the doctrine of idem sonans can not be applied without the aid of extrinsic evidence, unless, when sound and power are given

to the letters, as required by the principles of pronunciation, the names may have the same enunciation, or sound." The Supreme Court of Missouri held that "Blankenship" and "Blackenship" were, as matter of law, idem sonans. State *v.* Blankenship, 21 Mo. 504. The same court even held: "A court may say, as matter of law, upon demurrer to a plea in abatement to an indictment, that ' Owens D. Havely' and 'Owen D. Haverly' are idem sonans." State *v.* Haverly, Ib. 498. In *Chapman* v. *State,* 18 *Ga.* 736, where there was a motion in the trial court to quash an indictment upon the ground that it appeared from the indictment that Wesly Hudson acted as a grand juror in finding the bill, when it appeared from the minutes of the court that Wesly Hutson was sworn and acted as a grand juror at the term of the court at which the indictment was found, which motion was overruled, this court held that Hudson and Hutson are idem sonans. In *Jeffries* v. *Bartlett,* 75 *Ga.* 230, an execution in favor of Bartlett against Jeffries et al. was levied upon certain land as the property of Jeffries. He interposed an affidavit of illegality, one ground of which was, " that the advertisement under the levy for the sale of the land described affiant by the name of Jeffers, his real name being Jeffries." On demurrer this affidavit was dismissed and the defendant excepted. This court held that " Jeffers and Jeffries are idem sonans." See also *Biggers* v. *State,* 109 *Ga.* 105. " Witt" and " Wid," the given names now in question, are clearly idem sonans, the only difference between them being the very slight difference in the sounds of the letters t and d, exactly the difference that there is between the names "Hudson" and " Hutson " which, as we have seen, this court has held to be idem sonans.

4. From what we have said it is apparent that the court was right in sustaining the motion to strike the plea of misnomer, unless it was good, as against the motion, because of the failure of the indictment to also designate or describe the accused by the alleged middle initial of his name. In *Hicks* v. *Riley,* 83 *Ga.* 332, it was held: " The law does not regard the middle name or initial of a person as material, unless it be shown that there are two persons of the same first name and surname." And in *Banks* v. *Lee,* 73 *Ga.* 25, it was held: " The middle initial of the grantor in a deed is generally immaterial." In *Timberlake* v. *State,* 100 *Ga.* 66, it was held: " The accused being indicted as J. S. C. Timberlake, a

plea of misnomer alleging that 'his name was not J. S. C. Timber-lake, but was J. C. S. Timberlake, and that he has never been known or called by the name of J. S. C. Timberlake, but was al-ways known and called by the name of J. C. S. Timberlake, and by no other name,' was properly stricken on demurrer. The trans-position of the two intermediate initials was immaterial." In the present case the fact that the middle initial of the accused was left out of the presentment was immaterial.

5. The evidence supported the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*