## ROLAND v. THE STATE.

1. Where a defendant was indicted under the name of "George Rawlin," and filed a plea of misnomer, wherein he alleged that his true name was "George Roland," and that he had never been known and called by the name under which he was indicted, and, upon the trial of the issue thus formed, the evidence showed that while the surname of the accused, as spelled, was "Roland," it was pronounced by those who knew him "Rolin," such plea was properly overruled; the court rightly holding that the name in the indictment and the name by which the accused was known and called were idem sonans.

2. The evidence upon which the jury found the accused guilty was sufficient to sustain the verdict.

Submitted December 18, 1906.—Decided January 18, 1907.

Certiorari. Before Judge Lewis. Greene superior court. November 12, 1906.

An indictment was returned by the grand jury of Greene county, in which George Rawlin was charged with the offense of carrying about his person a concealed pistol. It was transferred to the county court of that county for trial. In the county court the defendant, before pleading to the merits, filed a plea of misnomer, wherein he alleged that he was indicted under the name of George Rawlin; that he had never been known by that name; that his true name was George Roland, and he had never been known by any other name, and had never been known or called by the name George Rawlin, under which he was indicted. The county judge heard the evidence submitted upon the issue thus raised, and overruled the plea. Upon the trial of the main issue the jury found the defendant guilty. He carried the case, by certiorari, to the superior court, where the certiorari was overruled, and he excepted. In his petition for certiorari he alleged that the judge of the county court erred in overruling his plea of misnomer, and that the verdict was contrary to the evidence.

*James B. & Noel P. Park,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* and *James Davison,* contra.

Совв, P. J. (After stating the facts.)

1. In reference to the trial of the issue arising under the plea of misnomer, the judge of the county court answered as follows: "The following evidence was submitted under the plea: George and Victor Rolin each testified that they were brothers and were called, respectively, George and Victor Rolin, like the 'rollin of a wagon.'

They were not known or called by any other name, and not known or called by the name Rawlin. The pronunciation given by these witnesses was the sound of 'Rolin,' or as they compared it, 'rolling' with the sound of the g left off. T. S. Bryant testified that he had known the father of these boys, who signed his name Roland, spelled it R-o-l-a-n-d. The boys can not read and write. The court held the names idem sonans, and overruled the plea." We do not think that there was any error in this ruling of the county judge. A person may be properly indicted under a name by which he is generally known and called, whether this be his true name or not. Accordingly, our Penal Code provides: "A plea of misnomer should state the true name of the accused, that he had never been known by any other name than that, and that he is not known and called by the name under which he was indicted." Penal Code, § 954. Consequently such a plea is fatally defective when it does not allege that the defendant was not known and called by the name under which he was indicted. *Wilson* v. *State, 69 Ga.* 224; *Henderson* v. *State, 95 Ga.* 327. Upon the same principle, a name by which a person was generally known is a proper designation in an indictment for his murder, although he may have had another name. *Jones* v. *State, 65 Ga.* 147. So if the name under which the defendant was indicted and the name by which he was known and called were idem sonans, there was no misnomer in the indictment. The question whether one name is idem sonans with another is one of pronunciation, and not of spelling. 21 Am. & Eng. Enc. L. 313, 317; Com. *v.* Donavan, 13 Allen (Mass.), 571, 572; People *v.* Fick, 89 Cal. 144; Myer *v.* Fegaly, 39 Pa. St. 429; Galliano *v.* Kilfoy, 94 Cal. 86, 88. In the case first cited, Gray, J., said: "The question whether one name is idem sonans with another is not a question of spelling, but of pronunciation, depending less upon rule than upon usage." This language was approvingly quoted in People *v.* Fick, supra. See also the Georgia cases cited hereafter. The term "idem sonans," as used by the courts, does not necesarily mean that the two names to which it is applied are pronounced precisely alike, but only that their pronunciations are so nearly alike that when one of them is uttered it may be readily taken for the other. Accordingly, this court has held "Hudson" and "Hutson" (1), "Jeffers" and "Jeffries" (2), "Biggers" and "Bickers" (3), "Surrena" and "Serena" (4), "Witt" and "Wid"

(5), to be idem sonans. (1) *Chapman* v. *State*, 18 *Ga.* 736; (2) *Jeffries* v. *Bartlett*, 75 *Ga.* 230; (3) *Biggers* v. *State*, 109 *Ga.* 105; (4) *Washington* v. *State*, 113 *Ga.* 698; (5) *Veal* v. *State*, 116 *Ga.* 589. In the present case it is unnecessary for us to determine whether "Roland" and "Rawlin" can be properly held to be idem sonans, when there is no other guide to the pronunciation of either than the way in which it is spelled. This is true because, from the testimony of the accused and his brother, it appears that the surname by which they were known and called was, however spelled, pronounced "Rolin," the vowel o being given the sound of the same letter in the word "rolling." No other witness testified as to the pronunciation of the surname of the accused. The only other witness, on the trial of the issue arising under the plea of misnomer, testified with reference to the spelling, and not the pronunciation, of the name. He testified that the father of the defendant, when signing his name, spelled it R-o-l-a-n-d. But the question was one of pronunciation, and not of spelling, and as the evidence showed that the name by which the accused was called and known was pronounced "Rolin," the judge of the county court rightly held that the name "Rawlin," under which the accused was indicted, and the name by which he was called and known, were idem sonans. In this connection, the following remarks by Lumpkin, J., in *Chapman* v. *State*, supra, are appropriate: "The change continually going on in the mode of spelling names—the different pronunciation of the same name, according to the circumstances and condition in life of the owner, makes the objection, upon the score of discrepancy, much less material than formerly. Idem sonans is no longer an infallible test. Identitate personæ, and not identitate nominis, is and should always have been the true and only issue." So is the ruling made in *Ratteree* v. *State*, 53 *Ga.* 570, where it was held: "When a juror's name was A. J. Barry, and on the list furnished the defendant's counsel was A. J. Berry, and it was shown that he was generally called Berry, it was not error in the court to put the juror on the prisoner."

2. The evidence upon which the jury found the defendant guilty was sufficient to support the verdict, and hence the ground of the petition for certiorari, alleging that the verdict was contrary to the evidence, was properly overruled.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*