## Moss *v.* Moss.

HILL, J. 1. This case was formerly before this court, and is reported in 144 *Ga.* 194 (86 S. E. 548). The decision in that case is controlling as to some of the questions raised in the present record. Certain acts and sayings of the son-in-law, Edwards, to which objection was made, were held to be admissible when the case was here before, and assignments of error on admitting similar testimony are controlled by that decision.

2. Where on the trial of a suit brought by a wife against her husband, to recover permanent alimony, and to cancel a certain deed executed by the husband to his daughter by a former marriage, one of the main issues in the case was whether the execution of the deed by the defendant to his daughter was fraudulent, it was error for the court to remark in the presence of the jury, on objection being made to an answer made by the defendant to the effect that the daughter agreed for the defendant to stay in possession of the land as long as he lived, that "It could only be admissible on one view of the question: that in the making of this deed, and allowing him to remain in possession, is prima facie as a badge of fraud; and he can explain his possession after the signing of the deed for the purpose of rebutting it." Such remark was an expression of opinion prejudicial to the defendant, and requires a new trial.

3. Where on the trial of a suit for alimony one of the issues was as to the conduct of the plaintiff in voluntarily abandoning her husband and home, it was not error, while the plaintiff was being examined by her counsel, for the court to allow her to testify, over objection, that "Clarence Moss, who is a nephew of Mr. Moss, and lived a short distance away, and he came and told me this — the day before I left; and he said he had to rest three times to get there, he was so weak; and he told me that he knew from what he had heard Edwards say — he said, 'Aunt Katie, I have come to warn you of the danger you are in;' . . he said that Edwards said he intended that I should leave that place at any cost." Such evidence was admissible, not as hearsay, but to explain the conduct of the plaintiff in leaving defendant's home. Civil Code, § 5763.

4. It was not error, on the trial of a suit for permanent alimony, to per-

mit the plaintiff's counsel to ask the following question, and the plaintiff to answer: "On April 28th last year, 1915, the court made an order here requiring D. J. Moss to pay you certain sums of money at various times. How much of it has he ever paid?" A. "Not one penny — not one." The plaintiff was undertaking to have canceled a certain deed executed by the defendant, conveying the only land he owned, in order to subject it to the payment of the judgments for temporary alimony and attorney's fees, and for permanent alimony, if the jury found it; and the evidence was admitted by the court to show "the date on which he was required to contribute; I will let him show the date." The court instructed the jury that the order of the court fixing temporary alimony and attorney's fees was admitted, but that the jury were not to be influenced by it in determining whether they would find permanent alimony for the plaintiff.

5. Impotency of the wife is not a ground of defense by a husband to a suit brought by the wife to recover permanent alimony, and it was not error to so instruct the jury.

6. While some of the principles of law charged by the court, to which exception was taken, were abstractly correct, they were not applicable to the case, and the issues of the case were not in every instance accurately stated; but these inaccuracies will probably not occur on the next trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*

### No. 28. OCTOBER 18, 1917.

Equitable petition. Before Judge Patterson. Cobb superior court. November 24, 1916.

This suit was brought by Mrs. Catherine V. Moss against her husband, Daniel J. Moss, to recover permanent alimony. The petition alleged that the plaintiff and the defendant were living in a bona fide state of separation, and there was a prayer to enjoin the husband from disposing of any of his property. By amendment, Mrs. Mary Edwards, a daughter, and J. A. H. Edwards, a son-in-law of the defendant, were made parties. It was alleged that the defendant had transferred to his daughter, Mrs. Edwards, a certain tract of land and certain notes for the purpose of defeating the plaintiff's claim for alimony. The plaintiff prayed that the deed to the real estate be canceled and the transfer of the notes be set aside as fraudulent. The answer of the defendant denied the material allegations of the petition. The jury found a verdict for the plaintiff for $500 permanent alimony, and that the land and notes were subject. The defendant made a motion for a new trial, which was overruled, and he excepted.

*N. A. Morris, G. D. Anderson,* and *J. G. Roberts,* for palintiff in error. *D. W. Blair,* contra.