### 16110.　CHAPMAN v. THE STATE.

There was no fatal variance between the allegation in the accusation, that the assault was committed upon "Charlie Hodges," and the proof that it was committed upon "Charlie Lee Hodge."

DECIDED MARCH 3, 1925.

Accusation of assault and battery; from city court of Macon— Judge Jordan. December 6, 1924.

*Hall, Grice & Bloch,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

BLOODWORTH, J. The only ground of the motion for a new trial which is insisted upon is as follows: "Because the defendant was accused of an assault upon Charlie Hodges, and all the evidence showed that if any assault was committed, it was committed upon

Charlie Lee Hodge, thus constituting a fatal variance between the accusation and the proof." There is no merit in this ground. It is neither insisted that Charlie Hodges and Charlie Lee Hodge are in fact two different persons, nor that Charlie Hodges, the person alleged in the indictment to be the person assaulted, was a different person from Charlie Lee Hodge, the witness who swore that he had never been known by any other name, but who swore that he was the person assaulted. See *Hall* v. *State*, 22 *Ga. App.* 114 (95 S. E. 936), and cases cited; *McLuin* v. *State*, 71 *Ga.* 280 (6); *Robinson* v. *State*, 68 *Ga.* 833 (2); *Mitchum* v. *State*, 11 *Ga.* 615 (2). "Idem sonans is no longer an infallible test. Identitate personæ, and not identitate nominis, is and should always have been the true and only issue." *Chapman* v. *State*, 18 *Ga.* 783 (1). *Biggers* v. *State*, 109 *Ga.* 105, 106 (34 S. E. 210); *Fielding* v. *State*, 30 *Ga. App.* 644 (118 S. E. 601).

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*