DECIDED DECEMBER 15, 1925.

Court and counsel the same as above.

---

16644.   ROUNTREE *v.* THE STATE.

1. The indictment was sufficient to withstand the demurrer.
2. The defendant's evidence on his plea of misnomer failed to establish "that he was not known and called by the name under which he was indicted," or even to present an issue thereon.
3. The charge of the court contained no reversible error.
4. Conceding (but not deciding) that the court erred in refusing to allow counsel for the accused the opening and concluding arguments in the

case, the error does not require a new trial, since the evidence adduced fairly demanded the verdict returned. *Fader* v. *State*, 33 *Ga. App.* 593 (2) (127 S. E. 472).

5. None of the grounds of the motion for a new trial or the exceptions pendente lite show cause for a new trial.

DECIDED DECEMBER 15, 1925.

Larceny of automobile; from Cook superior court—Judge Eve. May 30, 1925.

*Jeff. S. Story, Hendricks & Hendricks, James L. Dowling,* for plaintiff in error.

*H. C. Morgan, solicitor-general,* contra.

LUKE, J. Only the first and second headnotes need elaboration. The defendant was convicted of simple larceny. The indictment alleged that the grand jurors "charge and accuse E. E. (Ell) Rountree with the offense of simple larceny, for that the said on the 29th day of January, in the nineteen hundred and twenty-five, in the county aforesaid, did then and there unlawfully and with force and arms one Ford Coupe automobile, model 1922, license number for 1924 as follows: 84769, motor number 6266248, of the personal property of J. C. E. Connell, and the value of two hundred fifty ($250.00) dollars, then and there found, did wrongfully and fraudulently take and carry away with intent to steal the same, contrary to the laws," etc. This indictment clearly shows that defendant Rountree is the one charged with the offense named, puts him on notice of what he is to defend, and is not subject to demurrer because of the omission of his name after the word "said." In view of the immediately preceding sentence, the word "said" could refer to none other than E. E. (Ell) Rountree. Neither did the court err in withdrawing from the consideration of the jury the evidence relative to the plea of misnomer. The defendant introduced his own testimony and that of two uncles on this plea. They all swore that defendant's name was Elmer; but the first witness testified, "I think they call him L for short. That is what we generally know him by. . . He is called in the family 'L,' and known in the community as 'L.' " The second witness testified, "Sometimes people have called him for short 'L'." The defendant himself swore: "I have never seen that abbreviated unless it was by 'L.' I have gone by that name." There is no difference in the sound of L and Ell. See *Roland* v. *State,* 127 *Ga.* 401 (56 S. E. 412). Since all the evi-

dence of the defendant, as well as evidence for the State, showed that he was called by the name of L or Ell, there was nothing for the consideration of the jury on this question, and the court properly so held; and the indictment was sufficient in that respect. "If the name set out in the indictment is the name by which the party was called, one that he recognized and one by which he was known, it is sufficient in law." *Jackson* v. *State,* 134 *Ga.* 473 (1) (68 .S.. E. 71). The defendant's evidence failed to establish that "he was not known and called by the name under which he was indicted," or even to present an issue thereon. Penal Code (1910), § 979.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*