## 29411. WILSON v. THE STATE.

DECIDED MAY 21, 1942.

*Lester F. Watson, Willis I. Allen,* for plaintiff in error.
*J. Eugene Cook, solicitor-general,* contra.

BROYLES, C. J. James Wilson was indicted for murdering "Clayburn Blash." He was convicted of the offense of voluntary manslaughter. His motion for new trial was overruled, and that judgment is assigned as error. A ground of the motion alleges that there was a fatal variance between the allegation in the indictment that "Clayburn Blash" was the person killed by the accused

and the proof thereof, it being alleged in the ground that the evidence showed that the person killed was named Cleveland Blash, and was also known as Boisie Blash; and that the evidence failed to show that he was ever known as Clayburn Blash. And it is stated in the brief of counsel for the plaintiff in error "that our sole and only exception in this case is that the difference between the allegations and proof is fatal."

In *Chapman* v. *State,* 18 *Ga.* 736, 738, the following ruling is found: "*Idem sonans* is no longer an infallible test. *Identitate personæ,* and not *identitate nominis,* is and should always have been the true and only issue." That ruling has been approved and followed many times by the Supreme Court and the Court of Appeals. See *Biggers* v. *State,* 109 *Ga.* 105, 106 (34 S. E. 210); *Lovett* v. *State,* 9 *Ga. App.* 232 (2) (70 S. E. 989); *Watkins* v. *State,* 18 *Ga. App.* 500 (89 S. E. 624); *Dees* v. *State,* 41 *Ga. App.* 321 (7 a) (152 S. E. 913). In the *Watkins* case, supra, this court said: "The only sane and sound test is that of identity of person." In the *Biggers* case, supra, the Supreme Court said: "There was no pretense in this case that the person on trial was not the person who was guilty of the offense charged in the bill of indictment." In the instant case there was no pretense that the deceased was not the person who was killed by the defendant and for whose killing he had been indicted. On the contrary, the undisputed evidence showed that the deceased, whether his name was Cleveland Blash or Clayburn Blash, was the person killed by the defendant on the date and under the circumstances charged in the indictment. As stated in the brief of counsel for the defendant in error: "Where the indictment shows the time of the killing, the type of weapon used, the death of the victim from the act of stabbing and cutting by the defendant, and where the evidence shows all of these elements exactly as described in the indictment, but that, instead of being named Clayburn Blash, as alleged in the indictment, the man killed was Cleveland Blash, can it possibly be said that the identitate personæ has not been established?" Counsel for the plaintiff in error cite *Lewis* v. *State,* 90 *Ga.* 95 (15 S. E. 697), and various other cases from the Supreme Court and this court. Some of those cases are differentiated by their facts from the instant case, and all of them were decided *subsequently* to the *Chapman* case, supra. It follows that if the decisions in any of

them are contrary to the holding in the *Chapman* case (that "idem sonans is no longer an infallible test, and that identitate personæ, and not identitate nominis, is and should always have been the true and only issue") they must yield to the decision in that case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*