20876. GRESHAM *v*. THE STATE.

CANDLER, Justice. Hutner Gresham was indicted, tried, and convicted of murder. On the jury's recommendation, he was sentenced to life imprisonment. He was denied a new trial on his amended motion therefor, and the exception is to that judgment. *Held*:

1. It is alleged in one of the special grounds of the motion for new trial that the court erred in excluding a portion of the testimony which the State's witness Lonnie Thompson gave on cross-examination, on the ground that it was hearsay. In the circumstances of the case, we think that the excluded evidence was relevant, material, and that the court should have allowed it to remain in evidence. The defendant was on trial for killing his son-in-law, who was at that time living separate and apart from his daughter and their three small children. His daughter and their children had come to the defendant's home, and he was supporting them. She was out with several others, including the deceased, on the night of the homicide, and he made an unprovoked physical assault on her, striking her in the face several times. The witness Thompson and several others, including Bud Nunnally, went to the home of the defendant reaching there about midnight, and Bud Nunnally went to his door to tell him about the assault on his daughter, and to get him to go with them to the place where she was for the purpose of bringing her home. In his statement to the jury, the defendant said: On the night of the killing, "I was at my home in my bed asleep. Bud Nunnally come to my house, knocked on the door, and told me that J. B. [the deceased] was up there beating my daughter unmercifully and he had come after me. So I got up and went." The evidence which the defendant contends was erroneously excluded is the following: Q. "Hut Gresham [the defendant] didn't send after you all, you all went after him, didn't you? A. That is right. Q. It wasn't his idea to go down there, you all went up there and got him and told him to go with you, didn't you? A. Bud [Nunnally] did. Q. He said this fellow was beating his daughter unmercifully, didn't he? A. That is what Bud said." We do not think that the excluded evidence was hearsay; but, if so, it was nevertheless admissible under Code § 38-302, which provides that, when "information, conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." For cases so holding, see *Moss v. Moss,* 147 *Ga.* 311 (3) (93 S. E. 875); *Harris v. State,* 191 *Ga.* 555 (6) (13 S. E. 2d 459); and *Bryant v. State,* 191 *Ga.* 686 (14) (13 S. E. 2d 820). In the instant case, the excluded evidence was clearly admissible for the purpose of explaining

the defendant's conduct on the night of the homicide when notified that his daughter was being assaulted by her husband, and for the purpose of ascertaining his motive in going from his home to the place where she was being thus abused by the deceased. Hence, this ground of the motion for new trial is meritorious.

2. Another special ground complains of the judge's failure to charge on the offense of voluntary manslaughter as defined by Code § 26-1007, though no request for such a charge was made. This position is well taken. On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given. *Crawford v. State*, 12 *Ga.* 142 (6) ; *Wayne v. State*, 56 *Ga.* 114; *Jackson v. State*, 76 *Ga.* 473, 478; *Strickland v. State*, 133 *Ga.* 76 (1) (65 S. E. 148). Parents have the right to protect their children. Code § 26-1015. An actual unprovoked assault on the child of a slayer is in law the equivalent of such an assault upon the slayer himself, and if there is not sufficient cooling time between such an assault on the slayer's child and the killing for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judges, the offense is voluntary manslaughter and not murder. Applying these principles of law to the evidence in this case, including that which was erroneously excluded, we hold that the court erred in failing to instruct the jury on the law of voluntary manslaughter, without a request therefor.

3. The defendant introduced no evidence, and the State's evidence did not require a charge on involuntary manslaughter, either in the commission of an unlawful act or in the commission of a lawful act without due caution and circumspection. And even if it can be said that the defendant's statement to the jury injected that issue into the case, a failure to charge on that subject of the law was not error since there was no request for such an instruction. Hence, there is no merit in that special ground of the motion which complains of the failure so to charge. See, in this connection, *Thomas v. State*, 181 *Ga.* 422 (1) (182 S. E. 501).

4. The remaining special ground of the motion alleges that a new trial should be granted because the charge on justifiable homicide was confusing and misleading and amounted to an expression of the court's opinion on that phase of the case

which was harmful to the accused. Since the case must be tried again, and this question is not likely to arise on the next trial, it will not be dealt with.

5. The indictment in the instant case alleges that the accused murdered "J. W. Willoughby" in Oconee County on June 15, 1959, by shooting him with a shotgun, while the evidence and the defendant's statement show that he killed "J. B. Willoughby" by shooting him with a shotgun on the day and in the county alleged in the indictment. It is argued in support of the general grounds of the motion that the accused should be granted a new trial because there was a fatal variance between the allegations of the indictment and the evidence which the State submitted. This position, being without merit, does not require the grant of a new trial. The evidence shows without any question that the person killed was in fact the defendant's son-in-law, the estranged husband of his daughter, Vera Willoughby. The witnesses in this case referred to the deceased as "J. B.," and the law does not regard the middle name or the middle initial of a person as material unless it is shown that there are two persons of the same first name and surname, and in this case there was no such showing. See *Anderson v. State*, 196 *Ga.* 468 (26 S. E. 2d 755), and the cases there cited. Vera Willoughby, a witness for the State, testified that it was her husband, J. B. Willoughby, whom the defendant, her father, killed in Oconee County on the night of June 15, 1959, by shooting him with a shotgun, and that she knew of no person whose name was "J. W. Willoughby." Respecting this question, Judge Lumpkin, who delivered the opinion for this court in *Chapman v. State*, 18 *Ga.* 736, said: "Idem sonans is no longer an infallible test. Identitate personae, and not identitate nominis is and should always have been the true and only issue." And the rule, as there stated, has been reannounced and followed in *Biggers v. State*, 109 *Ga.* 105 (34 S. E. 210); *Lovett v. State*, 9 *Ga. App.* 232 (70 S. E. 989); *Chapman v. State*, 33 *Ga. App.* 570 (126 S. E. 895); and *Wilson v. State*, 67 *Ga. App.* 404 (20 S. E. 2d 433). On the trial of the instant case, there was no pretense that the deceased was not the person who was killed by the defendant and for whose killing he had been indicted in Oconee County. On the contrary, the undisputed evidence and the defendant's statement to the jury show that the deceased, a son-in-law of the defendant—

whether his name was "J. B. Willoughby" or "J. W. Willoughby"—was killed by the accused in Oconee County on the date and in the manner specified in the indictment. Since there is no fatal variance between the allegations of the indictment and the proof thereof, and since the evidence is otherwise sufficient to support the verdict, the general grounds of the motion are not meritorious.

6. The judgment refusing a new trial is erroneous for the reasons stated in divisions one and two of this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 9, 1960—DECIDED JUNE 9, 1960.

*R. M. Nicholson, Joseph J. Gaines,* for plaintiff in error.

*D. Marshall Pollock, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.