39116. TATE v. THE STATE.

PER CURIAM. 1. On the trial of an indictment for abandonment of a minor child, it is contended that a reversal should be granted on the general grounds because of the variance between the allegata and the probata, the indictment alleging abandonment of "Connie Lynn Day" and the proof showing the child's name to be "Connie Anne Day." There is no question but that the identity of the child was proved as being the infant referred to in the indictment, and that the record in this case would constitute a complete defense of res judicata were the defendant tried for abandonment of "Connie Anne Day," provided the time of abandonment was the same, since the offense is a continuing one. The record showed that the 16 year old mother had become pregnant by the defendant on or about May 18, 1959; that at the date of the trial on November 23, 1960, the baby was nine months old, that it had been the subject of a bastardy warrant and conviction on March 14, 1960, and that the child exhibited to the jury at the trial, whose name was Connie Anne, was the same child alleged in the indictment to have been abandoned by the defendant. "The only sane and sound test is that of identity of person." *Watkins v. State,* 18 Ga. App. 500 (89 SE 624) ; *Wilson v. State,* 67 Ga. App. 404 (20 SE2d 433). "The law does not regard the middle name or the middle initial of a person as material unless it is shown that there are two persons of the same first name and surname, and in this case there was no such showing. See *Anderson v. State,* 196 Ga. 468 (26 SE2d 755)." *Gresham v. State,* 216 Ga. 106 (5) (115 SE2d 191). The general grounds of the motion for new trial are without merit.

2. The special ground of the amended motion for a new trial

complains that after certain documentary evidence was admitted over the defendant's objection and after the jury retired, the solicitor withdrew the exhibit from evidence, whereupon movant objected "unless the jury be brought back in and informed of the fact of the withdrawal," which objection was overruled and error assigned thereon.

"What is evidence? It is the means by which any fact which is put in issue is established or disproved." *Hotchkiss v. Newton,* 10 Ga. 560 (4). Such questions in jury trials in criminal cases can be received only by the jury. There is accordingly no such thing as "withdrawing" evidence when the jury has seen it admitted over objection, has heard testimony regarding it and argument of counsel as to its effect, unless the jury has been informed of the withdrawal. The ultimate resolution of the issues in any case comes from the collective mind of the jury; it is no more possible for the jury to fail to consider that which has been submitted to it as evidence than to consider that which has not been submitted to it. This objection is without merit as urged, for the effect of the court's ruling was to leave the document in evidence, whatever other disposition he might have thought he was making. The original objection by the defendant when the document was first offered in evidence was not preserved, and there is accordingly no reversible error assigned by the special ground.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., Frankum and Jordan, JJ., concur.*

DECIDED OCTOBER 26, 1961.

*Leon Boling,* for plaintiff in error.
*Jess H. Watson, Solicitor-General,* contra.