## 48879. HANCOCK v. THE STATE.

CLARK, Judge.

Defendant was convicted of voluntary manslaughter in that he unlawfully caused death to another by shooting him with a pistol. Additionally, he was convicted of the misdemeanors of carrying a weapon that was concealed and which was unlicensed.

A street dice game was in progress when two men who had previously been onlookers and who had departed returned and at gun point robbed the gamblers, one of whom was the accused from whom a substantial sum was taken. During the holdup Brooks, one of the dice players, drew his pistol and as the robbers fled fired several shots at them. Thereafter, six individuals including both defendant and Brooks drove around in the latter's automobile in an effort to locate the thieves. During this search one of the passengers said, "There is one of the fellows, now."

Different versions were presented as to what then transpired. Brooks testified (T. 108) that defendant

started the shooting and that the decedent did not fire any shots. An off-duty policeman working as a security officer at a near-by business establishment saw decedent run towards him and testified that one of the passengers in the vehicle shot three times at the fleeing man who was hit in the back. Defendant contended the decedent had begun the shooting. No weapon was found on the person of decedent nor around him.

Through information from an eyewitness who had obtained the vehicle's registration number an arrest was made of Brooks as the owner of the car. He informed the police that defendant was the individual who had done the shooting. Thereafter defendant and his attorney voluntarily reported to the police station where the appellant made a written statement that upon decedent being pointed out as one of the robbers: "When I got close enough to call to him to come here, he got a pistol and acted as if he was going to shoot, so, I got a pistol and started shooting. The gun fire was exchanged and we turned around and left." (T. 365). Defendant's unsworn statement at the trial was to the same effect.

Defendant appeals for a new trial on the general grounds as well as on special grounds. The specific points argued are that the trial court erred in denying defendant's motion for mistrial in that statements made by defendant without prior Miranda warnings being given were admitted even though limited to "impeachment purposes"; that the trial court erred "in commenting in its instruction to the jury that the defendant could have made either a sworn or unsworn statement"; and that the trial judge improperly charged on voluntary manslaughter "when the evidence was that the death was either murder or justifiable homicide."

1. "After a verdict of guilty has been returned, in passing on the defendant's motion for new trial the trial court and the appellate court are to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict. *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681)." *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683). "[W]hen evidence is contradictory the jury may believe the evidence which they think is most entitled to

belief. [Cit.]" *Mitchem v. State,* 53 Ga. App. 280 (185 SE 367). As the evidence supports the verdict the general grounds are without merit.

2. Also lacking in merit is the contention that statements made by defendant without prior Miranda warnings would not be admissible for impeachment purposes.

"If on the trial of his case the defendant takes the witness stand and swears to a state of facts contrary to his prior statements, they may be given in evidence solely for purposes of impeachment, the burden being on the court to caution the jury that such evidence is to be considered only for the purpose of assessing the defendant's credibility and not to establish his guilt of the offense for which he is on trial; however, where the evidence is not offered solely for this purpose nor does the trial judge instruct the jury to consider it solely for purposes of impeachment, its admission is error." *Colbert v. State,* 124 Ga. App. 283 (2) (183 SE2d 476).

In offering this evidence the state sought to show that defendant's testimony was not credible. Since the trial judge instructed the jury as to how it should consider such evidence offered for impeachment and labeled this particular evidence as impeachment evidence, the guidelines set forth in *Colbert* have been satisfied. As was said in Harris v. New York, 401 U. S. 222, 226 (91 SC 643, 28 LE2d 1): "The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances . . . Petitioner's credibility was appropriately impeached by use of his earlier conflicting statements."

3. Defendant contends that the trial judge improperly commented on defendant's right to make an unsworn statement. This portion of the charge reads: "The defendant in this case, as defendants in all criminal cases have the right to do, has the right to make to the court and jury such statements in his own behalf as he deems proper, and this defendant elected to make such unsworn statement. His statement was not under oath. The statement shall have just such force as the jury may think right to give it. The jury may believe the statement

in whole or in part. It may believe it in preference to the sworn testimony or the jury may disregard it in part or in its entirety." (T. 295). Similar language was approved in *Waldrop v. State,* 221 Ga. 319, 323 (1) (144 SE2d 372), *Hart v. State,* 227 Ga. 171, 175 (5) (179 SE2d 346) and *Harris v. State,* 118 Ga. App. 848, 850 (5) (166 SE2d 94). See also *Highland v. State,* 127 Ga. App. 518, 519 (2) (194 SE2d 332).

Defendant cites *Wynn v. State,* 230 Ga. 202 (196 SE2d 401) in support of his contention. There our Supreme Court ruled that the trial judge had erred in advising defendant in the presence of the jury concerning his right to be sworn as a witness and to make an unsworn statement when the trial judge was already aware that defendant had elected to make an unsworn statement. At page 203 of the opinion it was stated that this action is to be "distinguished from merely instructing the jury of the standards for evaluating an unsworn statement." Accordingly, the *Wynn* ruling does not apply to the case at bar.

4. "On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury. *Gresham v. State,* 216 Ga. 106 (115 SE2d 191)." *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106). The evidence was sufficient to authorize the judge to charge on voluntary manslaughter and defendant's contention is without merit. See *Witt v. State,* 124 Ga. App. 535, 536 (4) (184 SE2d 517) and *Lawton v. State,* 125 Ga. App. 652 (188 SE2d 869).

5. The other enumerations are deemed abandoned as they were neither argued nor supported by authority. See *Young v. State,* 125 Ga. App. 204 (1) (186 SE2d 805); *Robinson v. McClain,* 123 Ga. App. 644 (4) (182 SE2d 157).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Submitted January 7, 1974 — Decided March 13, 1974 — Rehearing denied March 29, 1974 —

*John W. Rogers,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William M. Weller, Morris H. Rosenberg,* for appellee.