### 32128, 32129, 32130, 32131. WILLIAMS v. THE STATE (four cases).

HALL, Justice.

The four appellants were convicted of armed robbery in the holdup of a Statesboro grocery store, and sentenced to 20 years.

The evidence showed that five armed black men, some wearing masks or partial masks, entered the grocery store and stole money from the premises after tying up the proprietor and his two grown sons and placing them in the meat cooler. They then stole the proprietor's truck to make their getaway. Shortly thereafter, a few blocks away, a witness saw four black men emerge from the proprietor's truck, enter a gold Cutlass automobile, and drive away. The gold Cutlass, which had a unique marking on its trunk, was identified as the property of Anthony's wife. It was also identified as the same automobile in which the four appellants were traveling when they stopped for two hours earlier that day at a Statesboro poolroom. The poolroom proprietor positively identified the four appellants; testified they told him they were from Savannah, and that he noticed that this information did not agree with the Richmond County license tag on the Cutlass. His testimony was that they left his poolroom about 4 p.m. The robbery occurred shortly after 9 p.m. that evening in Statesboro. Evidence scattered throughout the trial transcript shows the four defendants lived in Augusta.

The grocery store proprietor and his two sons each gave a positive courtroom identification of Joseph as one of the robbers; two of the three positively identified Charles; and two positively identified Robert. Not one of them identified Anthony. The only evidence incriminating Anthony was the following circumstantial evidence: his wife's ownership of the getaway automobile;

the fact that four black men were seen leaving the stolen truck and entering that automobile shortly after the crime; and that Anthony had made a foursome with the three identified robbers five hours earlier, when all were in Statesboro although all of them resided in Augusta, a great distance away.

1. The first enumeration of error raises the general grounds with respect to all four convictions. The convictions of Charles, Robert and Joseph were amply authorized by direct evidence. Each was positively identified by at least two of the three robbery victims. As to their convictions, the enumeration on the general grounds is without merit.

Anthony's conviction rests only on circumstantial evidence, and to convict this evidence must exclude every other reasonable hypothesis save that of his guilt. Code § 38-109. However, questions of reasonableness are generally for the jury to decide under proper instructions. *Harris v. State,* 236 Ga. 242, 244-245 (223 SE2d 643) (1976). Our task on appeal is to judge only the sufficiency of the evidence, not its weight: we ask whether there is any evidence sufficient to authorize the fact finder to return a verdict of guilty. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976). There is such evidence as to Anthony. Although we reverse his conviction below because the jury were not properly instructed, the enumeration on the general grounds is without merit as to Anthony.

2. Anthony's conviction must be reversed because the jury were not properly charged on circumstantial evidence with respect to him in accordance with Code § 38-109. There was no request for such a charge; nonetheless, because this was a close or doubtful case composed solely of circumstantial evidence, the court erred in failing to give the charge even without a request. *Germany v. State;* 235 Ga. 836, 843 (221 SE2d 817) (1976); *Campbell v. State,* 129 Ga. App. 836 (201 SE2d 666) (1973). The other three defendants, however, against whom there was direct evidence, were not entitled to such an instruction and were not harmed by its absence.

3. The four men were indicted as follows: Charley Williams, Anthony Williams, Joseph Williams, and

Robert Williams. Their pre-trial plea of misnomer, which was overruled, alleged that their actual names were Charles Williams, Anthony Lewis Williams, Joseph Williams, Jr., and Robert James Williams, Sr. The trial court did not err in overruling the plea. *Gresham v. State,* 216 Ga. 106 (115 SE2d 191) (1960); *Veal v. State,* 116 Ga. 589 (42 SE 705) (1902); *Biggers v. State,* 109 Ga. 105 (34 SE 210) (1899); *Wilson v. State,* 67 Ga. App. 404 (20 SE2d 433) (1941).

4. Charles Williams took the stand and said he had only been in Statesboro twice, once in 1975 to deliver some feed, and once the day before the robbery to shoot pool. In rebuttal, the state introduced testimony of Sergeant Canestra, that after Charles had been arrested and while he was being transported in a police car, he asked what charges had been placed against him. After being informed that he was charged with an armed robbery in Statesboro, Charles volunteered that he had only been in Statesboro once—in 1975 to deliver feed. The Sergeant testified that no questions had been asked Charles, and no Miranda warnings had been given him.

There is no merit to appellants' claim that the court erred in allowing this testimony of Charles' statement to be introduced despite the absence of Miranda warnings. The statement was spontaneous and unsolicited. Additionally, it was used for impeachment only, which has been permissible since 1971. Harris v. New York, 401 U. S. 222, 225-261 (1971). Accord, *Hancock v. State,* 131 Ga. App. 485, 487 (206 SE2d 104) (1974).

*Judgment in No. 32131 (Anthony Williams) is reversed; judgments in the other three cases are affirmed. All the Justices concur.*

Submitted March 25, 1977 — Decided May 12, 1977.

*John R. Turner,* for appellants.
Charles Williams, *pro se.*
Joseph Williams, Jr., *pro se.*
Robert James Williams, *pro se.*
Anthony Williams, *pro se.*
*J. Lane Johnston, District Attorney, Arthur K.*

*Bolton, Attorney General,* for appellee.