35948, 35949. SEGARS et al. v. BRAMLETT; and vice versa.

NICHOLS, Chief Justice.

The appeal (Case No. 35948) presents the question of which names on three recall petitions properly may be

counted. Construction of the Public Officers Recall Act, Ga. L. 1979, p. 1612 (Code Ann. § 89-1901 et seq.) will provide the answer. The cross appeal (Case No. 35949) presents various procedural questions.

The appeal is brought by Segars, et al. as electors eligible to vote for the office of County Commissioner of Barrow County (hereinafter "the electors") from an order of the Superior Court of Barrow County ordering the county probate judge acting in her capacity as election superintendent (hereinafter "the election superintendent") not to count a name on a recall petition unless the following criteria are met: The signature and printed name of the elector appearing on the recall petition (1) must match each other and (2) must match the *signature* of the elector as it appears on the county's *registration card* for the elector. (3) The *typed or printed name* of the elector on the *registration card* must not be given any consideration.

The electors contend that the name and signature of the elector as they appear on the recall petition should be matched with the *printed or typed name* of the elector as it appears either on the county's *registration card* for the elector or on the county's *list of voters.* The election superintendent insists that the *list of voters* should be ignored and that an elector's *printed or typed name* as it appears on the recall petition must match his *printed or typed name* on his *registration card* and his *signature* on the recall petition must match his *signature* on his *registration card.*

Resolution of these conflicting views depends upon our construction of Code Ann. § 89-1907 (b), which provides as follows: "Every elector signing a recall petition shall do so in the presence of the person circulating the petition who is to execute the affidavit of verification on the reverse side of the petition form. At the time of signing, the elector shall sign his name as it appears on the registration books, and such elector or the person circulating the petition shall print the name of the elector below the elector's signature and shall print or write in the appropriate spaces following the signature the elector's residence address, giving street and number if any, the name of the election district in which the

elector is registered to vote, and the date on which the elector signed the petition. If the information required on the petition sheet to accompany a signature is incomplete or the signature and printed name of the elector are not as the name appears on the registration books, the signature of the elector shall not be counted in determining the legal sufficiency of the petition."

1. The evidence in the record supports the trial court's finding that voter registration records in Barrow County are not maintained in a book; rather, that these records consist of filing cabinets containing registration cards provided by the office of the Secretary of State. The evidence also supports the finding that the registrar prepares from those cards the list of voters. This court agrees with the trial court's conclusion that the registration cards are the "registration books" of Barrow County within the meaning of Code Ann. § 89-1907 (b). See *Smith v. Bd. of Ed. of Walton County,* 174 Ga. 735 (2)(b) (164 SE 41) (1932).

2. This court cannot agree, however, with either the trial court's or the parties' contentions regarding the proper construction of the requirement of Code Ann. § 89-1907 (b) that "the elector shall sign his name as it appears on the registration books, and such elector or the person circulating the petition shall print the name of the elector below the elector's signature . . ." The legislative intent was not to preclude a person whose signature on the registration books varies from his name as printed or typed on the registration books from participating in the recall of public officials. Rather, the purpose was to make sure that only eligible electors' names appear on the recall petition. Verification of names is not the substance of the requirement. Verification of the status of persons as electors is the goal to be attained. As an example, if the elector's name is typed or printed on the registration books in the form "Joseph A. Doe", and he signed the registration books in the form "Joe Doe", Code Ann. § 89-1907 (b) is satisfied either by his signing the recall petition in the form "Joseph A. Doe" or in the form "Joe Doe." The requirement of Code Ann. § 89-1907 (b) that either the elector or the petition circulator print the elector's name below the elector's signature on the recall

petition "as the name appears on the registration books" similarly is satisfied by the printing of the name either as it appears in print or in signature on the registration books. Identity of persons, not identity of names, is the requirement. See *Gresham v. State,* 216 Ga. 106, 109 (5) (115 SE2d 191) (1960); *Hardrick v. State,* 96 Ga. App. 670, 672 (4) (101 SE2d 99) (1972); and *Tate v. State,* 104 Ga. App. 699 (122 SE2d 528) (1961). The purpose of printing the elector's name on the recall petition is legibility; to identify the person signing the petition in the event that his name cannot be deciphered from his signature. Furthermore, adding or deleting "Mr.", "Mrs." or "Ms." adds or subtracts nothing. It has no effect. See *Guyton v. Young,* 84 Ga. App. 155 (2) (a) (65 SE2d 858) (1951).

3. The election superintendent contends in the cross appeal that mandamus was not the appropriate remedy in the present case because: (1) no gross abuse of discretion has been proven, (2) granting the writ would compel a general course of conduct on her part, (3) the writ would be nugatory since the times for the doing of the acts have passed, and (4) the election superintendent cannot by mandamus be required to declare a certain result or to act in a certain manner. None of these contentions has merit because the present action was timely and properly filed pursuant to Code Ann. § 89-1912, which provides, in pertinent part, that "If the election superintendent fails to comply with any of the provisions of this Chapter, any elector may apply, within 10 days after such refusal, to the superior court for a writ of mandamus to compel him to perform his official duties." *City of Atlanta v. League of Women Voters,* 244 Ga. 796 (1979). The remedy stated in that section is as follows: "If the court finds that the election superintendent has not complied with any of the provisions of this Chapter, the court shall issue an order for the election superintendent to comply." Code Ann. § 89-1912 therefore indicates the appropriate action to be taken by the trial court upon receipt from this court of the remittitur in this case. The trial court should issue an order directing the election superintendent to comply with all provisions of the Public Officers Recall Act.

4. It was not error for the trial court to conduct a

bench trial. No material issues of fact existed.

5. The remaining enumerations of error in the appeal and cross appeal are without merit.

*Judgment reversed in the appeal and affirmed in the cross appeal. All the Justices concur.*

ARGUED JANUARY 22, 1980 — DECIDED FEBRUARY 20, 1980 — REHEARING DENIED MARCH 6, 1980.

*Nathaniel David Wages, William Rhymer, H. W. Vaughn, Jr.,* for appellants.

*Russell, McWhorter & Adamson, Richard B. Russell, III, John E. Stell, Jr.,* for appellee.

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* amicus curiae.