### 10235. LEWIS *v.* STATE BOARD OF MEDICAL EXAMINERS.

1. The writ of error in this case was originally filed in the Supreme Court, and, that court having by formal order transferred it to this court, the transfer of the case is equivalent to a holding by the Supreme Court that the constitutional questions which the plaintiff in error attempts to raise by the writ are not properly made. *Davis* v. *City of Rome,* 23 *Ga. App.* 188 (98 S. E. 231).

2. The court did not err in refusing to dismiss the written charges preferred by the board against the defendant, upon the ground that they were not filed at the proper time.

3. While the admission in evidence of the certified copy of the plea of the defendant, the verdict of the jury, and the judgment and sentence of the court in a criminal case, standing alone, which were introduced in evidence in this case for the purpose of showing that the defendant had been convicted of a crime involving moral turpitude, was erroneous (*Doggett* v. *Simms,* 79 *Ga.* 253, 4 S. E. 909), this error was cured by the subsequent introduction of a certified copy of the bill of indictment upon which the said plea, verdict, and judgment were based, showing the offense with which the defendant was charged and of which he was convicted. *Shaw* v. *Jones,* 133 *Ga.* 446 (5) (66 S. E. 240).

4. The mere fact that records or papers of file have been lost or destroyed is no excuse for not showing their contents. Such office papers may, when shown to be lost or destroyed, be established instanter; but their contents may be proved, even by parol, without establishing the lost or destroyed original. *Bridges* v. *Thomas,* 50 *Ga.* 378; *Saffold* v. *Banks,* 69 *Ga.* 289; *Doggett* v. *Simms,* supra. The court did not err, therefore, in admitting in evidence a certified copy of the bill of indictment against the defendant, taken from the official transcript preserved in the office of the clerk of this court (*Eagle & Phenix Mfg. Co.* v. *Bradford,* 57 *Ga.* 249), charging him with the offense of larceny after trust delegated; it being shown by competent evidence (*Griffin* v. *Wise,* 115 *Ga.* 610, 612, 41 S. E. 1003; *Hines* v. *Johnston,* 95 *Ga.* 629 (3), 23 S. E. 470; *Martin*

v. *Bank of Leesburg,* 137 *Ga.* 285 (6), 73 S. E. 387, that the original bill of indictment was not of file or record in the office of the clerk of the superior court.

5. The court did not err, there being no insistence that the judgment in the criminal case was void, in refusing to permit the defendant to introduce evidence for the purpose of showing that he was not in point of fact guilty of an offense involving moral turpitude, of which he had been convicted (*Georgia Railroad* v. *Homer,* 73 *Ga.* 251 (5) ); since the judgment of a court of competent jurisdiction can not be impeached collaterally, but is to be taken and held as a valid judgment until it is reversed or set aside by the court rendering it. Civil Code (1910), §§ 5963, 5968.

DECIDED APRIL 19, 1919.

Appeal; from Carroll superior court—Judge Searcy presiding. October 21, 1918.

The act of 1913 (Ga. Laws, 1913, p. 101) creating the State Board of Medical Examiners provides, in section 14, that "said board may refuse to grant a license to practice medicine in this State, or may cause a licentiate's name to be removed from the records in the office of any clerk of court in this State, on the following grounds, to wit:" enumerating several grounds, one of which is "conviction of crime involving moral turpitude." The act further provides that "said board may, upon satisfactory proof made that any licentiate has been guilty of any of the offenses above enumerated, suspend said licentiate from the practice of medicine and call in the license of said licentiate upon a majority vote of said board; *provided,* however, that said suspended physician shall have a right to appeal to a jury in the superior court of the county of his residence, and it shall be the duty of said board to prefer in writing the charge or charges against said physician, which shall be tried by a jury regularly empaneled and sworn. Said physician, the defendant in said proceedings, shall be entitled to appeal to the Supreme Court. In the event of conviction by the jury of any of the charges preferred, the license of said physician shall be revoked." Acting under the authority of this act, the board on June 12, 1916, after hearing evidence upon certain charges against Dr. W. M. Lewis, one of which was that he had been convicted of a crime involving moral turpitude, found the charges to be true, and ordered that his license be revoked and his name removed from the records of the office of the clerk of the superior court of Carroll county, the county of his residence. On June 12, 1916, he entered an appeal, which was duly certified by the secretary of the board

and filed in the office of the clerk of the superior court of Carroll county on June 16, 1916. In the record there is nothing to indicate that the case was called until it "came on regularly for trial at the October term, 1918, of the Carroll superior court," at which time the board presented certain written charges against the defendant, which bore an entry of filing by the clerk of the court, dated April 8, 1918. Whereupon the defendant "moved that the court strike the purported charges from the records of the court for the following reasons: because the law requires that when an appeal is made to the superior court, the charges must be made and filed by the board; that the trial term of this case was the October term, 1916, of the superior court, and at that time plaintiff in this case filed no charges, and that charges would have to be filed at the next term of the court to which the appeal was returned, and that there was no case in court and [it] should be dismissed." This motion was overruled by the court, and upon this ruling error is assigned.

At the trial on the appeal, counsel for the board stated that he would "not rely on any of the charges made, except No. 1," which was as follows: "That said defendant, under the name of Dr. M. W. Hancock Lewis, had preferred against him by the grand jury of Haralson superior court, in the county of Haralson, State of Georgia, at the January Term, 1914, on to wit, Jan. 20, 1914, a true bill charging him as follows: 'The grand jurors selected, chosen, and sworn for the county of Haralson, George W. Gentry, foreman, in the name and behalf of the citizens of Georgia, charge and accuse M. W. Hancock Lewis with the offense of a misdemeanor, larceny after trust delegated, for that the said M. W. Hancock Lewis in the county aforesaid, on the 21st day of July in the year of our Lord (1913) nineteen hundred and thirteen, with force and arms and unlawfully, having then and there been entrusted by Effie McCalmans with $5.00 in lawful money of the United States, issued, of the value of $5.00, to be applied then and there for the use and benefit of the said Effie McCalmans, the owner thereof, as follows: he, the said Lewis, was then and there intrusted with the said $5.00 by the said Effie McCalmans to purchase her a ticket on the Southern Railway Company from Bremen to Atlanta, at Bremen, said county, and so intrusted fraudulently converted the said $5.00 to his (Lewis's) own use, the said Lewis then and

there intrusted with said $5.00 to purchase said ticket and return whatever of the amount remaining to her, the said Effie McCalmans, and he, the said Lewis, after purchasing said ticket for the sum of $1.30, failed and refused to return said Effie McCalmans the balance of the said $5.00, but fraudulently converted the same, to wit, $3.70, to his own use, contrary to the laws of said State, the good order, peace and dignity thereof. J. R. Hutcheson, solicitor-general. J. M. McCalmans, prosecutor.' That on the 2nd day of December, 1914, said defendant filed a plea of not guilty to said charge in Haralson superior court, and on said date, to wit, Dec. 2, 1914, the jury trying said case returned the following verdict: 'We, the jury, find the defendant guilty, and recommend that he be punished as for a misdemeanor.' Whereupon the court sentenced said defendant to pay a fine of $200.00 and cost of prosecution, or in lieu thereof to serve in the chain gang for the period of twelve months. Said sentence was passed on December 3, 1914. Said Board alleges that the charge preferred against said defendant by the grand jury of Haralson county was a charge involving moral turpitude; and it charges that he was convicted of said charges, and the verdict of the jury and the sentence of the court in said case was never reversed or set aside, but stands. And for said reason it charges that his license should be suspended or revoked, and that his name should be removed from the records of any clerk of the court of this State."

Upon making proof that the original indictment against the defendant had been lost the board proceeded to introduce in evidence a certified copy of the indictment, from the official transcript preserved in the office of the clerk of the court, together with a certified copy of the defendant's plea of not guilty, entered in the criminal case, the verdict finding the defendant guilty, and the judgment and sentence of the court, certified to by the clerk of the court, and also introduced testimoney identifying the defendant in this case as the defendant convicted in the criminal case. The defendant testified that his license had been destroyed by fire, and introduced in evidence a certified copy of the record of the clerk of the superior court of Carroll county, which showed that Dr. W. M. Hancock Lewis procured his license to practice medicine on April 22, 1910. The defendant also offered to show "that the money given the defendant was to buy a ticket, by the prosecutrix in the case in

Haralson superior court, and that she told the defendant to keep the rest and give her father credit for it, which he did, and to show that the case in Haralson superior court did not involve moral turpitude, and that he was not guilty." The court refused to permit him to do this, and thereafter directed a verdict against him on charge number 1, and entered the following judgment thereon: "Wherefore it is ordered and adjudged by the court that the license of M. W. Lewis, authorizing him to practice medicine in Georgia, be and the same is revoked, and his name is ordered removed from the record of all and any clerk of the superior court of said State. This Oct. 21, 1918."

*Willis Smith, Buford Boykin,* for plaintiff in error.

*S. Holderness,* contra.

JENKINS, J. (After stating the foregoing facts.) Only the second headnote requires elaboration. It will be seen from an inspection of the section of the act quoted in the statement of facts that no specified time is there fixed when the board shall prefer written charges after an appeal has been entered by the defendant. It is contended by counsel for the plaintiff in error that while the act specifies no time when the written charges should be preferred, the act should be construed as requiring that such charges be preferred at the first term of the court after an appeal has been entered, and that the same rule should apply here as in cases of an award made by arbitrators under the provisions of the Civil Code (1910), § 5030 et seq. It was held in *Train* v. *Emerson, 134 Ga.* 589 (2) (68 S. E. 425) that "Where a submission to arbitrators was made under the statute (Civil Code, § 4486 et seq.) [Civil Code of 1910, § 5030 et seq.], and they made an award, but did not return it to the superior court to which it was properly returnable for eleven months, during which time three terms of court intervened, and fourteen months thereafter the party in whose favor the award was made filed a motion to have a judgment nunc pro tunc entered on it, there was no error in denying such motion." There would, however, appear to be a clear distinction between the effect of such an award by arbitrators and the decision of the State Board of Medical Examiners. The award by the arbitrators is binding upon no one, and is of no legal effect whatever, until properly returned and entered upon the minutes of the proper court, while the decision by the State Board of Medical Examiners is a

judgment within itself, and is final unless set aside on appeal. But conceding that the written charges should have been preferred by the board at the first term of the court after the appeal had been entered, it would seem to us that the rule to be here applied would be more nearly analogous to cases where a defendant is in default by reason of his failure to answer at the proper time, the rule being that where a case has never been marked "in default" on the docket, and no order has been taken declaring it to be "in default," an answer to the merits of the case, filed at a term subsequent to the appearance term but before judgment is taken, will not be dismissed because not filed in time. *McKenzie* v. *Consolidated Lumber Co.*, 142 *Ga.* 375 (82 S. E. 1062). See also *Daniel* v. *Nixon*, 21 *Ga. App.* 206 (93 S. E. 1013); and *Buford* v. *Southern Cotton Oil Co.*, 20 *Ga. App.* 581, 583 (93 S. E. 318), and cases there cited. What would have been the remedy of the plaintiff in error had the case been called for trial at a time prior to the filing of the written charges by the board need not be determined. The evidence in this case demanded the verdict directed, and the judgment of the superior court is therefore

<div align="center">

*Affirmed. Wade, C. J., and Luke, J., concur.*