46259.   COLBERT v. THE STATE.

SUBMITTED JUNE 1, 1971—DECIDED JULY 16, 1971.

284

*Smith, Gardner, Wiggins, Geer & Brimberry, Oscar T. Cook, Jr.,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.

PANNELL, Judge. ■ The defendant was being subjected to an in-custody interrogation on the day following his arrest. His own testimony was that he asked for counsel, but did not obtain a lawyer until several days later. The State offered no evidence on this point, but the State's witness did testify that the statement was made after the defendant indicated his desire to remain silent. Either he was not warned on the burglary charge or, if the warning given went to both offenses, then so did his indication that he wished to remain silent. In any event, the burden is on the State, not on the defendant, to show that the latter's constitutional rights are preserved. "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self "incrimination and his right to retain appointed counsel." Miranda v.

Arizona, 384 U. S. 436, 475 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). However, as recently held in Harris v. New York, 401 U. S. 222, 226 (91 SC, 28 LE2d 1), "The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. . . Petitioner's credibility was appropriately impeached by use of his earlier conflicting statements."

■ While, after the defendant testified that he had found the heater abandoned in a trash pile, it was permissible to produce evidence of a contradictory statement that he took it from inside the house, not to prove the fact but to impeach his credibility, there is nothing in the record or the proceedings which indicate that the evidence objected to was introduced for the sole purpose of impeaching the defendant, so no question of its admissibility for that purpose is involved. It is our opinion that where inadmissible evidence as to a confession is offered and admitted, its admission constitutes reversible error, unless the jury is expressly instructed that the evidence is admitted for the purpose of impeachment only, whether or not a request to so charge be made, and whether or not any exceptions are made to the charge as given. Harris v. New York, 401 U. S. 222, supra, is authority only that such evidence is admissible *for the purpose of impeachment, when and if the trial court also instructs the jury as to the purpose of its admission.* Until this is done, the admission of such evidence is reversible error. That the evidence was offered in rebuttal does not mean it was offered, not to prove the facts, but solely to impeach.

*Judgment Reversed. Bell, C. J., and Deen, J., concur.*