## 48952. CHILDERS v. THE STATE.

CLARK, Judge.

Appellant, who was found guilty of aggravated assault with intent to rape, seeks a reversal on the basis that there were two evidentiary rulings by the trial court which were error entitling him to a new trial.

1. After defendant had elected to testify under oath the district attorney in cross examination asked a question concerning the accused sending money to his wife for support of their children during his absence from the state for a period of time following the date of the alleged offense. Defense counsel moved for a mistrial "on the ground that he is attempting to put the character of the defendant into evidence, whether or not he sent his wife any child support." (T. 81). This motion was denied with the trial judge expressly instructing the jury to disregard the question and answer as having no bearing on the issues.

"The statement of the solicitor was improper, and in the absence of appropriate action by the trial judge might perhaps have required the grant of a new trial. It is the purpose of the law that everyone shall have a fair trial, and if convicted of crime that conviction must be brought about and be supported by competent and legal evidence, and that alone. Such a fair trial is not had where improper remarks or conduct by the State's attorney is permitted in the presence and hearing of the jury, without appropriate action of the court to protect the accused against the damaging effect of such improper remarks. But this court has repeatedly held that if the trial judge acts immediately, and in the exercise of his discretion takes such action as in his judgment prevents harm to the accused as a result of such improper

statements, a new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements. [Cits.]" *Nelson v. State,* 187 Ga. 576, 583 (1 SE2d 641). See also *McClung v. State,* 206 Ga. 421 (57 SE2d 559) and *Mixon v. State,* 83 Ga. App. 167 (63 SE2d 294). In view of the immediate curative action by the trial judge in his instruction to the jury after ruling out the improper question, there is no merit in the first enumeration of error.

2. The other alleged error occurred during rebuttal testimony which the State presented as a result of evidence developed during the prosecution's extensive cross examination of defendant. In questioning him concerning his activities immediately after the alleged attempted rape for which defendant was on trial the district attorney brought out that he had gone directly from the prosecutrix' home to his sister's residence. With knowledge that the sister had charged her brother, the accused in the instant case, with having then raped her on that occasion, the district attorney in effect set a trap for the defendant by questioning him in detail concerning the events of that visit with his sister. Defendant's testimony was that he had proceeded to his sister's house for the innocent purpose of charging a car battery for her during which a dispute developed and that he "smacked her . . ." (T. 72). Thereupon the state emphasized "That's all you did to her, smacked her?. . . You didn't do anything else?" (T. 72). Defendant answered in the negative.

When introduced as a rebuttal witness the sister testified the defendant had raped her. The defense objected "on the ground that it puts the defendant's character into evidence, and he has not himself placed his character into evidence." (T. 96). The objection was overruled with the statement by the court that "I am letting this in for rebuttal and rebuttal only. . ." (T. 96). Then defense counsel moved for a mistrial and the court denied this motion. The trial judge thereupon instructed the jury that "I have permitted this witness to testify as a rebuttal witness as to the testimony of the defendant on direct and cross examination, and that is the only

thing you are to consider it for, if you consider it for anything, whether or not it impeaches him and whether or not it rebuts testimony that leads toward impeachment as to what might have transpired down there, if anything. It has no bearing on the issues of the case that you are trying in chief." (T. 97). He further stated that "it only goes in for you to consider the credibility of the defendant under his sworn testimony, and as to whether or not it rebuts him." (T. 98).

In view of the clear-cut instructions to the jury that this specific testimony was being admitted solely for impeachment purposes, there was no error. *Leverette v. State,* 107 Ga. App. 712, 714 (131 SE2d 782) and *Colbert v. State,* 124 Ga. App. 283 (2) (183 SE2d 476). See also *Collins v. State,* 129 Ga. App. 87 (2) (198 SE2d 707) for numerous citations wherein both the Supreme Court and our court have ruled that impeaching testimony is admissible where it is presented for this purpose "and not for proving that the defendant had committed this or another offense, or for showing his character."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 8, 1974 — DECIDED FEBRUARY 26, 1974.

*J. Donald Bennett,* for appellant.
*Earl B. Self, District Attorney, Wm. Ralph Hill, Jr., William Earl Glisson,* for appellee.