## 61926. WALTON v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of aggravated assault, criminal attempt to commit armed robbery, and possession of a firearm during the commission of a crime. He enumerates as error the admission into evidence of a portion of a statement he made to the police after his arrest and the failure of the trial court to sever his trial from that of his co-defendants, who entered pleas of guilty during trial after the trial judge ruled their pre-trial statements admissible.

1. During cross examination of appellant, the prosecuting attorney read a portion of an earlier statement of appellant's which contradicted his testimony at trial. Over the objection of defense counsel, the prosecuting attorney was permitted to continue the line of questioning.

Appellant's enumeration of error with regard to that incident was that it was error to admit appellant's statement. The short answer to that contention is that it was not admitted into evidence. The prosecuting attorney merely read aloud from the statement and asked appellant whether the signature thereon was his.

The argument advanced under that enumeration of error is that

the trial court erred in failing to charge the jury, without request, that the portion of the statement read aloud was to be considered only for the purpose of impeachment. In support of that argument, appellant cites *Colbert v. State,* 124 Ga. App. 283 (183 SE2d 476); *Hancock v. State,* 131 Ga. App. 485 (206 SE2d 104); and *Gale v. State,* 138 Ga. App. 261 (226 SE2d 264). Those cases have one characteristic which distinguishes them from the present case: the statements under consideration in those cases were not admissible for any purpose other than impeachment. In the present case, the trial court had already ruled the statement voluntary and, therefore, admissible as direct evidence. That factor alone is sufficient, in our view, to remove this case from the rule set forth in the cases cited by appellant.

Nor do we agree with appellant that there had not been a proper foundation laid to permit the use of the statement in impeachment. There had been sufficient testimony in the course of direct and cross examination of appellant to permit the use of the statement for impeachment.

In short, we find no error in the use of the statement for impeachment or as direct evidence.

2. Appellant's second enumeration is that the trial court erred in failing to sever appellant's trial from his co-defendants'. Although no motion appears in the record, a reference in the transcript indicates that a motion to sever was heard before trial. That motion was never renewed, but appellant contends that the trial judge should have severed the trial when it declared the statements of all the defendants voluntary. That argument is based on the fact that the statements of his co-defendants implicated appellant in the crimes; appellant contended at trial that he was unaware that his co-defendants had committed the crimes. Furthermore, appellant contends, the fact that his co-defendants participated in the jury selection process denied him a fair trial.

The trial court is vested with discretion in deciding whether to sever jointly indicted defendants. Code Ann. § 27-2101. Although appellant has advanced in the form of supposition several allegations of prejudice, he has shown no real harm from the trial court's failure to sever the trials. Under those circumstances, no basis for reversal is presented. *Jackson v. State,* 153 Ga. App. 462 (265 SE2d 368).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JULY 16, 1981.

*William S. Cain, Jr.,* for appellant.
*William J. Smith, District Attorney, Gray Conger, Assistant*

*District Attorney,* for appellee.