70633. BYRD v. THE STATE.
(335 SE2d 656)

McMURRAY, Presiding Judge.

Defendant Jerry Byrd was convicted of violating the Georgia Controlled Substances Act by selling cocaine. Following sentencing, defendant appealed. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that defendant sold cocaine to an undercover agent in Walton County, Georgia, on the date in question in violation of the Georgia Controlled Substances Act. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Humphrey v. State*, 174 Ga. App. 165 (1) (329 SE2d 306).

2. During cross-examination of the defendant, the district attorney asked the defendant if he had anything to do with drugs or if he ever sold drugs. The defendant responded that he does not have anything to do with drugs and that he never sold drugs. No objection was made by the defendant's counsel to this line of questioning.

Thereafter, the district attorney called Larry Vaughn as a rebuttal witness. Vaughn testified that he (Vaughn) had had a "problem" with cocaine and that he "did get some [cocaine] from Jerry." The defendant's counsel thereupon moved for a mistrial on the ground that the State had improperly introduced evidence of another crime. The trial court denied the defendant's motion, ruling: "The testimony of this witness is clearly admissible, if for no other reason [than] to impeach the testimony of the defendant who, under oath testified he had nothing to do with drugs and did not sell drugs."

Although a criminal defendant is not subject to impeachment by proof of general bad character or prior convictions until he puts his general good character in evidence, he can be impeached in the same way as any other witness. Thus, a criminal defendant can be impeached by disproving the facts testified to by him. *Mitchell v. State*,

158 Ga. App. 628, 629 (2) (281 SE2d 260); *Favors v. State*, 145 Ga. App. 864, 865 (244 SE2d 902); *Childers v. State*, 131 Ga. App. 74, 75 (2) (205 SE2d 56). However, the introduction of such evidence must be accompanied by express instructions to the jury that the evidence is admitted for the purpose of impeachment only. *Campbell v. State*, 231 Ga. 69, 78 (200 SE2d 690); *Childers v. State*, 131 Ga. App. 74, 75 (2), supra; *Colbert v. State*, 124 Ga. App. 283, 285 (2) (183 SE2d 476). The burden is on the court to so instruct the jury. *Scott v. State*, 243 Ga. 233 (1) (253 SE2d 698); *Jones v. State*, 243 Ga. 820, 826 (256 SE2d 907). In the absence of such express instructions, whether or not a request for such instructions was made, and whether or not exceptions are made to the charge as given, the admission of such impeaching evidence could constitute reversible error. *Scott v. State*, supra; *Jones v. State*, supra. See *Colbert v. State*, supra. In the case sub judice, we cannot say the defendant was not harmed because the trial court failed to instruct the jury concerning the admission of the impeaching testimony. The impeaching testimony constituted evidence of defendant's character which was not otherwise admissible. *Stanley v. State*, 250 Ga. 3 (295 SE2d 315); *Anderson v. State*, 252 Ga. 103 (312 SE2d 113).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 12, 1985 —
REHEARING DENIED OCTOBER 2, 1985 —

*Sampson Oliver, Jr.*, for appellant.
*John M. Ott, District Attorney*, for appellee.