## 42832. THE STATE v. BYRD.
(341 SE2d 455)

GREGORY, Justice.

This court granted certiorari to the Court of Appeals in *Byrd v. State*, 176 Ga. App. 295 (335 SE2d 656) (1985), to consider the rule announced there that limiting instructions must be given by the trial court, even without request, as to impeachment evidence tending to disprove facts testified to by a defendant in a criminal case which happens also to be character evidence. We reverse.

In a related context we note there are opinions which allow use of a prior inconsistent statement of a criminal defendant for the limited purpose of impeaching trial testimony of the defendant even though the prior inconsistent statement would otherwise be inadmissible in defendant's trial. *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971). In *Harris* it is observed that the trial judge charged the jury the evidence was to be considered only as it related to the defendant's credibility, and not as evidence of guilt. We have indicated the trial judge has a burden to give such limiting instructions regarding defendant's prior inconsistent statements, and failure to do so is error. *Scott v. State*, 243 Ga. 233 (1) (253 SE2d 698) (1979); *Jones v. State*, 243 Ga. 820, 825 (256 SE2d 907) (1979). The Court of Appeals has reached this result even in the absence of a request by the defendant for limiting instructions. *Colbert v. State*, 124 Ga. App. 283 (183 SE2d 476) (1971). The issue before us now is whether this

rule of mandatory instructions, even absent a request, should be extended beyond impeachment by use of a criminal defendant's prior inconsistent statement, to impeachment of the defendant by disproving facts to which defendant testified with evidence which incidentally is character evidence. We are not inclined to expand the rule.

Byrd was convicted of violating the Controlled Substances Act by selling cocaine. At trial he took the stand and denied the charge. On cross-examination he testified he had nothing to do with drugs and in particular he had never sold any drugs.[1] In rebuttal a State's witness testified he purchased drugs from Byrd on an occasion unrelated to the charge on trial. The defendant moved for a mistrial. In a colloquy outside the presence of the jury the trial judge announced the evidence was admissible to impeach Byrd's previous testimony that he had never sold drugs. The defendant did not request that instructions be given the jury to limit the jury's use of the rebuttal testimony to that of determining defendant's credibility, nor were such instructions given. The Court of Appeals reversed the conviction for this failure of the trial court to give such limiting instructions.

Witnesses may be impeached by: (1) Disproving the facts to which the witness testified, OCGA § 24-9-82; (2) proof of general bad character of the witness, OCGA § 24-9-84; (3) proof that the witness has been convicted of a crime involving moral turpitude, OCGA § 24-9-84; *Coleman v. State*, 94 Ga. 85, 86 (21 SE 124) (1894); *Lewis v. State Bd. of Medical Examiners*, 23 Ga. App. 647 (99 SE 147) (1919); *Smallwood v. State*, 95 Ga. App. 766 (98 SE2d 602) (1957); and (4) by proof of a prior contradictory statement of the witness relative to the testimony of the witness and the case, OCGA § 24-9-83.

Of course, there are restrictions on the right to impeach a witness who is the defendant on trial in a criminal case. Evidence of general bad character and prior convictions of crimes involving moral turpitude are unavailable unless the witness-defendant first puts his character in issue. OCGA § 24-9-20. This prohibition does not preclude use of a prior inconsistent statement and evidence to disprove facts testified to by the defendant. Whether other principles prohibit their use leads us to the issue in this case.

In *Harris*, supra, the defendant was on trial for the illegal sale of drugs to undercover agents of the State of New York on two separate occasions. The State's case consisted essentially of the testimony of the two undercover agents. The defendant testified that he did not sell drugs on the first occasion and that he had sold baking powder on the second occasion with the purpose of fraudulently obtaining

---

[1] There was no objection made to the questions eliciting this testimony on cross-examination. The relevance of sales of drugs on other occasions by Byrd was thus not considered by the trial court.

money. In an effort to impeach this testimony the State offered and the court admitted a pretrial statement of the defendant which was inadmissible in the State's case in chief for the sole reason that *Miranda* warnings were not given. In this statement the defendant contended he acted as a middle man at the behest of the officers on both occasions. Instructions were given by the trial court limiting the jury's consideration of the prior inconsistent statement to its impeachment value, and prohibiting its use on the question of guilt. Thus, the issue which reached the Supreme Court in *Harris* was whether a prior inconsistent statement of a witness-defendant which was inadmissible in the State's case in chief because *Miranda* warnings were not given could nonetheless be used to impeach the trial testimony of the defendant. The five member majority held that it could be used in this manner. Otherwise, reasoned the majority, the *Miranda* shield would be "perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." *Harris*, supra at 226. Our opinions in *Scott*, supra, and *Jones*, supra, emphasize the need for limiting instructions to proscribe use of the prior statement as evidence of guilt, a use which would directly conflict with the rationale of *Miranda*. In *Colbert*, supra, the Court of Appeals expressly held that the limiting instructions are so important the trial judge must give them even where the defendant has not made a request that it be done. Assuming this to be correct, we perceive different considerations at play in the case at hand which bring us to a contrary result.

Where a statement has been given by the defendant in violation of *Miranda* our constitutional value system requires that it not be used as evidence of guilt against the defendant. *Harris* merely holds that the defendant may not turn the shield of *Miranda* into a sword. Therefore, a limited exception to the exclusionary rule of *Miranda* is recognized in order to prevent this use. The defendant may not testify contrary to his prior statement without having to come face to face with it before the jury. But, if the court does not limit the jury's use of the impeaching evidence, it then has the effect of destroying the shield itself. The defendant may be convicted rather than impeached on the basis of his prior statement. The limiting instructions, if followed by the jury, preclude this.

In the case at hand Byrd testified he never sold drugs. In rebuttal the State offered evidence he sold drugs on an occasion unrelated to the charges on trial. Byrd complains this is character evidence offered counter to the rule that a defendant must first have injected the issue of his character. But we hold a defendant may not use the character evidence rule as a sword any more than the defendant in *Harris* could use *Miranda* rights as a sword. Nor do we find it to be error for the trial court to fail to give limiting instructions of its own motion.

In *Harris, Scott, Jones,* and *Colbert,* supra, an incriminating statement inconsistent with trial testimony was the mode of impeachment. The considerations which supported a denial of the use of this mode of impeachment related to important rights of a defendant against self-incrimination under the Fifth Amendment. In reaching a decision to allow a limited use of such evidence for impeachment it is not unreasonable to require a trial judge to instruct the jury on the limitation placed upon the use of the evidence, even where no request for such instructions is made. But in this case, there are lesser values at stake. Rules of evidence are involved. The relevance of unrelated drug sales does not appear. Therefore, the evidentiary rule of relevancy is a consideration supporting a denial of the use of this particular evidence. The further rule of evidence that a witness-defendant's character may not be introduced unless first injected by the defendant, OCGA § 24-9-20, is an additional consideration supporting a denial of the use of the evidence in question. These evidentiary considerations carry less weight than rights under the Fifth Amendment. On that basis we hold it reasonable and proper to insist upon a request by a defendant who wishes to have the trial judge give limiting instructions for impeachment evidence used in the mode of disproving facts testified to, which incidentally injects character. The Court of Appeals erred in ruling to the contrary.

*Judgment reversed. Marshall, C. J., Clarke, P. J., Smith, Weltner and Bell, JJ., concur.*

DECIDED APRIL 9, 1986.

*Sampson Oliver, Jr.,* for appellant.
*John M. Ott, District Attorney,* for appellee.