## 76149. FUSSELL v. THE STATE.
### (369 SE2d 511)

BEASLEY, Judge.

Defendant appeals the order overruling her motion for new trial after her conviction of two counts of aggravated assault, OCGA § 16-5-21. Error is assigned on the trial court's failure to 1) re-charge the jury on accident, 2) charge simple assault as a lesser included offense of aggravated assault, and 3) instruct the jury that defendant's statement was admissible solely to impeach him. Defendant also contends that the evidence was insufficient to convict.

1. While recognizing the trial court's duty to respond to the jury's request for further instructions, *Freeman v. State*, 142 Ga. App. 293, 294 (4) (235 SE2d 560) (1977), on a re-charge it is not necessary to cover the subject in toto. *Creamer v. State*, 229 Ga. 704, 708 (4) (194 SE2d 73) (1972). This well established principle found early expression in *Hatcher v. State*, 18 Ga. 460 (5) (1855), which observed that where "the jury, after consulting, return for further instructions upon some particular point, the Court is not bound to repeat all the law favorable to the accused." The trial court re-charged on the issues of law requested and answered an individual juror's question about accident versus intention to her satisfaction, again instructing the

jury that it should acquit if it found accident and reminding the jury that a charge defining accident had been given. There was no abuse of the court's discretion in this regard. *Brownlee v. State*, 155 Ga. App. 875, 876 (3) (273 SE2d 636) (1980); *Evans v. State*, 138 Ga. App. 460 (2) (226 SE2d 303) (1976).

2. Assuming as does defendant that simple assault was a lesser included offense in this case, in the absence of a written request it was not error to fail to charge on that issue. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

3. The next question is whether, as to portions of a voluntary custodial statement which are not introduced in the State's case-in-chief but are used in rebuttal to impeach defendant's trial testimony, the trial court must give a limiting instruction absent defendant's request.

Defendant testified that the gun fell out of her purse, she and the victim tussled, and she did not know who pulled the trigger. According to a signed statement to the police several hours after the incident, defendant took the gun from her purse and she pulled the trigger as they were scuffling. When the State tried to impeach defendant with these recitations through police testimony on rebuttal per OCGA § 24-9-83, defendant objected and the court conducted a *Jackson v. Denno*[1] hearing and determined that the in-custody statement was voluntary and met *Miranda v. Arizona*[2] Fifth Amendment requirements. The evidence was then allowed, no instruction limiting its use to impeachment was requested or given, and in the jury charge the court instructed that evidence could be considered for any purpose once the jury found the statement to be voluntary.

Defendant did not object but on appeal claimed it was reversible error not to confine the jury's use of the statement to impeachment and to allow it instead to constitute evidence of guilt as well. She cites no authority.

In *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986), the Supreme Court discussed, as a subject related to the one at issue, the use of prior inconsistent statements to impeach trial statements. It recognized that this court in *Colbert v. State*, 124 Ga. App. 283 (183 SE2d 476) (1971), held that a limiting instruction is required even absent a request. In dicta it approved that approach, because the significance of *not* so limiting the jury's consideration would be to allow a *Miranda*-violating statement to be used as substantive evidence. This would contravene the Fifth and Fourteenth Amendments.

Here, however, the statement was found by the trial court not to

---

[1] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

have been obtained in violation of defendant's rights against self-incrimination. This has not been challenged. Thus the statement was not constitutionally inadmissible in the case-in-chief; it simply was not offered because, as the State saw it, it did not of itself tend to establish guilt. Since the statement was not required by the Constitution to be narrowed in use, the trial court was not required to volunteer a circumscription as it would be if the statement was otherwise inadmissible. *Harris v. New York,* 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); *Wilson v. State,* 254 Ga. 679, 681 (2) (333 SE2d 589) (1985); *Walton v. State,* 159 Ga. App. 331 (1) (283 SE2d 366) (1981).

Even if defendant may have been entitled to ask for a limitation as a matter of proper trial procedure, due to the fact it was offered during rebuttal and so should be confined to its rebuttal purpose, her failure to instruct the jury as to the limited purpose for which the evidence was offered was not error in the absence of a request. *Jones v. State,* 242 Ga. 893, 896 (5) (252 SE2d 394) (1979); *Lynch v. State,* 164 Ga. App. 317, 320 (4) (296 SE2d 179) (1982); *Fletcher v. State,* 159 Ga. App. 789, 790 (2) (285 SE2d 762) (1981).

4. Defendant contends that her conviction was unauthorized because the evidence failed to show an essential element of the offense, namely, that she intentionally fired the shots which injured the two victims, citing *Bowers v. State,* 177 Ga. 36, 37 (1) (338 SE2d 457) (1985).

The following legal principles apply. "Every crime consists in the union or joint operation of act and intention. Sometimes the intention can be proved, sometimes it can only be inferred or presumed;[3] and the general rule laid down by our Code is, that the intention will be manifested by the circumstances connected with perpetration of the offense." *Patterson v. State,* 1 Ga. App. 782, 784 (58 SE 284) (1907). Accord *Mallette v. State,* 119 Ga. App. 24, 27 (165 SE2d 870) (1969). "Intent is a question for the jury." *Cade v. State,* 180 Ga. App. 314, 316 (3) (348 SE2d 769) (1986). When an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it. "In legal contemplation, the intent follows the act through to its legitimate results." *Cook v. State,* 255 Ga. 565, 566 (1) (340 SE2d 891) (1986).

After an altercation with the first victim at a check-out counter in a grocery store, defendant returned with a pistol which she drew from her pocketbook and attempted to strike the first victim in the

---

[3] The word "presumed" is now forbidden. See *Francis v. Franklin,* 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985).

head with it. The victim tried to take the pistol from defendant and they fought for possession of the weapon, rolling on the floor. During the course of the struggle the first victim was shot, as was the store manager who rushed to the scene to stop the fight. Defendant's denial of knowledge as to the cause of the weapon's discharge was contradicted by her prior statement to the police that she pulled the trigger.

Construing the evidence in favor of the verdict, the jury was authorized to find that defendant intended to assault the first victim with a deadly weapon and that in the course of that assault the second victim was injured. Similarly, the jury was also authorized to find the original intent was transferred in law to the second victim as well. *Cook*, supra. The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the two charged crimes. *Daughtry v. State*, 180 Ga. App. 711 (1) (350 SE2d 53) (1986); *Delano v. State*, 158 Ga. App. 296, 297 (279 SE2d 743) (1981).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 12, 1988.

*Rebecca L. Sims, Earl McRae, Jr.*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.