S95A1405. FRANCIS v. THE STATE.
(463 SE2d 859)

CARLEY, Justice.

Lebert Francis and co-defendant Neville Nicholson were tried before a jury and found guilty of two offenses: felony murder while in the commission of an aggravated assault; and, armed robbery. They filed separate notices of appeal and this case is Francis' appeal from the judgment of conviction and life sentences entered by the trial court on the jury's guilty verdicts. The appeal of the co-defendant is

*Nicholson v. State*, 265 Ga. 711 (462 SE2d 144) (1995).[1]

1. The victim was a drug dealer from whom Francis arranged to purchase marijuana. Francis and Nicholson borrowed a white Chevrolet to drive to the meeting with the victim. Both were armed. Later that evening, residents of an apartment complex heard gunshots in the parking lot and observed two men, one of whom was carrying a gun and a cellular phone, run to the white Chevrolet and drive away. One of these witnesses identified Nicholson from a photographic display and, at trial, identified Francis and Nicholson as the two men she saw fleeing the scene. Although the victim was armed and apparently shot at his assailants, he was fatally struck by three bullets. The bullets which killed the victim were identified as having been fired from a gun which was in Francis' possession on the night of the crimes. When Francis and Nicholson returned the borrowed white Chevrolet, it contained bullet holes and its back window was shot out. They had the victim's cellular phone in their possession and acknowledged to friends that they had been in a shootout. When Nicholson was arrested on an unrelated charge, he was in possession of a pager belonging to the victim.

On this evidence, Francis does not contend that his conviction for felony murder while in the commission of an aggravated assault is unauthorized. The only contention is that this evidence does not authorize his armed robbery conviction because there is no evidence excluding the possibility that the victim's cellular phone and pager were taken only after he had been killed. However, this contention "incorrectly assumes that one cannot rob a dead victim. [Cit.]" *Crowe v. State*, 265 Ga. 582, 594 (21) (458 SE2d 799) (1995). See also *Prince v. State*, 257 Ga. 84, 85 (1) (355 SE2d 424) (1987); *Young v. State*, 251 Ga. 153, 156 (3) (303 SE2d 431) (1983).

Francis' reliance upon *Miles v. State*, 261 Ga. 232, 234 (1) (403 SE2d 794) (1991) and *Hicks v. State*, 232 Ga. 393, 402-403 (207 SE2d 30) (1974) is misplaced. In those cases, the evidence failed to exclude the possibility that the theft had been completed *before* any force was employed against the victim. Where, as here, the evidence is sufficient to authorize a finding that the theft was completed *after* force was employed against the victim, a conviction for armed robbery is authorized " 'regardless of when the intent to take the victim's [property] arose, regardless of whether the victim was incapacitated and even if the victim had been killed instantly. (Cit.)' [Cit.]" *Davis v.*

---

[1] The crimes were committed on October 11, 1991 and the indictments were returned on January 24, 1992. The judgments of conviction and sentences were entered on June 5, 1992. The motion for new trial was filed on June 9, 1992 and denied on April 5, 1995. The notice of appeal was filed on May 4, 1995 and the appeal was docketed in this Court on June 22, 1995. The case was submitted for decision on July 24, 1995.

*State*, 255 Ga. 588, 593 (3) (b) (340 SE2d 862) (1986). Thus, as was recognized in *Miles*, supra at 235 (1), if the evidence authorizes a finding that the defendant "first killed the victim and then took" the victim's property, he "would be guilty of armed robbery. [Cit.]" Construing the evidence most strongly in favor of the State, it was sufficient to authorize a rational trier of fact to find proof of Francis' guilt of armed robbery, as well as felony murder, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. On direct examination, Francis admitted that he previously "got in a little problem" for which he was placed on probation. However, he denied owning a gun and volunteered that, "[i]n fact," he "was advised to stay away from pistols." When Francis was then asked who had advised him to do so, he replied: "When I got in trouble the first time. They told me [to] stay away from pistol[s]. . . . I try my best to stay away from pistol[s], you know, don't want to get myself in no trouble. I had a career in front of me, you know what I am saying." On cross-examination, the State was allowed to show that the "little problem" for which Francis was placed on probation was commission of a weapons offense in Florida and to show that, thereafter, he had been convicted in DeKalb County for another weapons offense. Francis urges that, in allowing the State to prove his prior convictions, the trial court erred.

Because Francis admitted on direct examination experiencing a "little problem" for which he was placed on probation, he "raised an issue which may be fully explored by the State on cross-examination. [Cit.]" *Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). Thus, the trial court correctly allowed the State to show that Francis' previous "little problem" consisted of a weapons conviction in Florida.

Because Francis further implied on direct examination that this was his only conviction for a weapons offense, his testimony in this regard was subject to rebuttal by proof of other weapons offenses he had committed and the trial court therefore properly admitted Francis' DeKalb County conviction for impeachment purposes pursuant to OCGA § 24-9-82. *Jones v. State*, supra at 759 (1) (b). The prohibition against the State's introduction of character evidence unless and until the defendant places his own character into issue "does not preclude use of . . . evidence to disprove facts testified to by the defendant." *State v. Byrd*, 255 Ga. 665, 666 (341 SE2d 455) (1986).

3. In its general charge on the various methods of impeachment, the trial court included a reference to impeachment pursuant to OCGA § 24-9-84 by proof of a witness' conviction of an offense involving moral turpitude. However, the only certified copies of prior convictions that were admitted into evidence were those of Francis. Fran-

cis' prior Florida conviction was not admissible for any impeachment purpose since he had admitted that conviction and his prior DeKalb County conviction was admissible only for impeachment pursuant to OCGA § 24-9-82. A defendant's general bad character and prior convictions of crimes involving moral turpitude cannot constitute impeaching evidence pursuant to OCGA § 24-9-84 unless and until the defendant puts his own character into issue. *State v. Byrd*, supra at 666. Since Francis had not placed his own character into issue, his prior convictions were not admissible as impeachment evidence pursuant to OCGA § 24-9-84 and the charge on that method of impeachment should not have been given. *Howard v. State*, 202 Ga. App. 574 (415 SE2d 45) (1992).

It does not follow, however, that the giving of this charge mandates a reversal. The giving of an unauthorized charge on an unavailable method of impeachment is generally harmless error. *Newmans v. State*, 65 Ga. App. 288, 291 (16 SE2d 87) (1941). See also *Southern R. Co. v. O'Bryan*, 119 Ga. 147, 151 (2) (45 SE 1000) (1903). A conviction in a criminal case will not be reversed when it is highly probable that an erroneous jury instruction did not contribute to the verdict. *Hill v. State*, 155 Ga. App. 718, 719 (1) (272 SE2d 508) (1980).

A review of the charge as a whole shows that, immediately following the reference to impeachment pursuant to OCGA § 24-9-84, the jury was given extensive instructions which elaborated on principles applicable to impeachment by other methods including impeachment pursuant to OCGA § 24-9-82, which was properly given as to Francis. Proof of a prior conviction of a crime of moral turpitude was never again specifically addressed in the trial court's charge. Thus, the charge on impeachment pursuant to OCGA § 24-9-84 appears to be no more than a passing general reference, followed by extensive instructions as to other methods of impeachment. Under these circumstances, the contested portion of the charge was at most merely irrelevant, being one of a number of stated methods of impeachment. Thus, taking the charge as a whole, there was no reversible error. *Sultenfuss v. State*, 185 Ga. App. 47, 51 (4) (363 SE2d 337) (1987). Moreover, the record shows that Francis requested the pattern charge on impeachment which included the very language he now challenges. Thus, any error in this charge "cannot now be relied upon to seek a reversal." *Brown v. State*, 262 Ga. 833, 834 (4) (426 SE2d 559) (1993). Finally, we find that the evidence of Francis' guilt was overwhelming. *Howard v. State*, supra at 576. Accordingly, the charge is harmless error and affords no basis for reversing Francis' convictions.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995.

*Dwight L. Thomas,* for appellant.

*J. Tom Morgan,* District Attorney, *Robert M. Coker, Thomas S. Clegg,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *Marla-Deen Brooks,* Assistant Attorney General, for appellee.