## A05A2214. FLOYD v. THE STATE.
(626 SE2d 149)

PHIPPS, Judge.

Jessie Lee Floyd appeals his conviction of simple battery, contending that the trial court erred in instructing the jury. Because he has shown no reversible error, we affirm.

At the time of the incident on April 23, 2004, Floyd and the victim were married and living together. During an argument, Floyd's wife went to his truck and gained possession of a checkbook. Floyd attempted to recover the item, and an altercation ensued. Each testified that the other had used physical force against him or her; each testified that he or she had used physical force to defend himself or herself.

After the close of evidence and outside the presence of the jury, the court presented the parties with copies of the final charge it intended to give. After a recess, the court asked the parties whether they had any comments about the charge. Citing evidence of Floyd's attempt to retrieve the checkbook, Floyd's counsel asserted that a charge on justification based on the defense of property should be given. The court disagreed and announced that it would not give such a charge.

The court recalled the jury and began its final charge, which was interrupted by an unreported bench discussion. Immediately thereafter, the court instructed the jury on justification, including charges on defense of self and defense of property. As to the latter, the court charged:

> [A] person is also justified in threatening or using force against another when, and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate the other's trespass on or other tortious or criminal interference with personal property that is lawfully in his possession or lawfully in possession of a member of his immediate family or belongs to a person whose property he has a legal right to protect.[1]

Closing arguments followed, and the court excused the jury for the day. The state excepted to the charge on defense of property, arguing that, pursuant to *Barron v. State*,[2] such defense provides no justification for simple battery against a spouse.

---

[1] See OCGA § 16-3-24 (a); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 166, § 3.04.10 (3d ed. 2005) (defense of property).

[2] 219 Ga. App. 481 (465 SE2d 529) (1995).

After hearing argument from both sides the next morning regarding whether *Barron* rendered the defense of property charge inapplicable, the court agreed with the state that the defense was not available to Floyd. It thus recharged the jury,

> The defendant is not entitled to use the justification defense as it applies to the defense of personal property because it's not available in this case due to the fact that the parties were husband and wife at the time of this incident. . . . You should disregard the charge given to you yesterday concerning defense of personal property, but you may consider the remaining justification charge given you concerning the defense of person.

The jury was then allowed to deliberate. Upon the court's request for objections to the recharge, Floyd's counsel excepted on the ground that *Barron* no longer stood for the proposition that the defense of property was unavailable to a defendant charged with simple battery against his spouse.

In his sole claim of error on appeal, Floyd contends, "The trial court committed reversible error by informing Appellant's counsel prior to closing argument that it would instruct the jury on Defense of personal property, then after closing arguments, instructed the jury that Appellant was not entitled to such a defense."

"A requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper."[3] Accordingly, in light of *Barron*, Floyd's request for a charge on the defense of property should have been denied.[4] It does not follow, however, that the giving of that charge mandates a reversal. A conviction in a criminal case will not be reversed where, as here, it is highly probable that an inapplicable jury instruction did not contribute to the verdict.[5]

> [G]enerally, the trial court may correct errors in a charge by calling attention to the erroneous parts of the charge and giving the jury the correct rule. The trial court is obliged to charge the jury on the law applicable to the case. Therefore, the trial court was authorized to correct any errors in the charge. . . . A proper instruction on recharge

---

[3] *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997) (citation, punctuation and emphasis omitted).

[4] See id.

[5] See *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995).

may correct an improper instruction given in the original charge to the jury, where, as in this case, the correct instruction given on recharge explains away the defect in the previous improper charge. Further, a corrective recharge may be given even though a jury has reached and is ready to announce its verdict, as no legal verdict occurs until it is received and published in open court.[6]

Here, before the jury began its deliberation, the trial court concluded that the charge on defense of property should not have been given and properly gave a corrective recharge. Reviewing the charge as a whole, including the corrective charge, we find no reversible error.[7]

To the extent that Floyd complains that the trial court misled his counsel regarding the defense of property charge and that closing argument on his behalf was therefore prejudiced,[8] Floyd has failed to demonstrate reversible error. Closing arguments were not transcribed; consequently, the record does not show to what extent, if any, Floyd's counsel relied on that defense. Furthermore, the record does show that Floyd testified that he acted in defense of himself and that the court adequately charged on self-defense. Finally, the record confirms that Floyd's counsel advocated that the court give the inapplicable charge of defense of property. Thus, any error stemming from this charge "cannot now be relied upon to seek a reversal."[9] "[A] defendant will not be allowed to induce an asserted error, sit silently hoping for acquittal, and obtain a new trial when that tactic fails."[10]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 9, 2006.

*Julian L. Sanders*, for appellant.
*Gerald N. Blaney, Jr.*, Solicitor-General, *Robby A. King*, Assistant Solicitor-General, for appellee.

---

[6] *Altman v. State*, 229 Ga. App. 769, 771-772 (6) (495 SE2d 106) (1997) (citations and punctuation omitted).

[7] See *Francis*, supra.

[8] See OCGA § 5-5-24 (b) (requiring a trial court to inform counsel of its proposed actions on requested charges prior to argument to the jury).

[9] *Francis*, supra (citation and punctuation omitted); see generally *McConnell v. State*, 263 Ga. App. 686, 687 (2) (589 SE2d 271) (2003) (a party cannot complain of error that his own conduct aided in causing).

[10] *Roulain v. Martin*, 266 Ga. 353, 354 (2) (466 SE2d 837) (1996) (citations and punctuation omitted).