A06A1360. MILLER v. THE STATE.
(636 SE2d 60)

MILLER, Judge.

A Fulton County jury found Antonio Miller guilty of trafficking in cocaine, possession of cocaine with intent to distribute, and misdemeanor possession of marijuana. On appeal, Miller contends that the trial court erred (i) in charging the jury on the law of impeachment, (ii) in charging the jury on similar transaction evidence, and (iii) in limiting his closing argument to one hour. Miller also claims that he received ineffective assistance of trial counsel. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that an Atlanta police officer saw Miller standing next to a fence, digging into his pockets. When the officer shined his flashlight on Miller, Miller threw a clear bag containing a white substance over the fence. Miller then ran from the officer, dropping marijuana and a cell phone. After the officer stopped Miller, a dog from the K-9 unit was brought to the scene and alerted to a bag that the officers believed was the same bag that Miller had thrown earlier. According to tests performed by the Georgia Bureau of Investigation crime lab, the substance in the bag weighed 60 grams and was 64 percent pure cocaine.

1. Miller claims that the trial court erred by instructing the jury that a witness may be impeached by proof that the witness had been convicted of a crime involving moral turpitude. We agree that the instruction was not supported by the evidence, but find no reversible error.

Miller was the only witness for whom a certified copy of a previous conviction was introduced into evidence. Miller's conviction was admitted as similar transaction evidence for purposes of showing intent, course of conduct, bent of mind, or motive, and was not admissible for purposes of impeachment since Miller had not placed his character into issue. See *Francis v. State,* 266 Ga. 69, 71-72 (3) (463 SE2d 859) (1995); *Nunery v. State,* 229 Ga. App. 246, 247-248 (2)

(493 SE2d 610) (1997). See also OCGA § 24-9-20.[1] "[T]he record shows[, however,] that [Miller] requested the . . . charge on impeachment which included the very language he now challenges. Thus, any error in this charge cannot now be relied upon to seek a reversal." (Citation and punctuation omitted.) *Francis*, supra, 266 Ga. at 72 (3).

Miller contends in the alternative that he received ineffective assistance of counsel because his trial counsel requested the inapplicable impeachment charge. To show ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Miller must show that counsel's "performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently." (Citation omitted.) *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004).

The inapplicable portion of the impeachment charge was contained in a lengthy instruction detailing other permissible methods of impeachment, and "appears to be no more than a passing general reference." *Francis*, supra, 266 Ga. at 72 (3). See also *Hardy v. State*, 240 Ga. App. 115, 120 (6) (522 SE2d 704) (1999) (harmful effect of the erroneous portion of the impeachment charge was mitigated by the remainder of the charge). In view of the trial court's instruction as a whole, even if Miller's trial counsel's performance was deficient in requesting an inapplicable instruction, Miller cannot show a reasonable probability that his trial counsel's performance changed the outcome of the trial. Accordingly, the trial court did not err in concluding that Miller had not received ineffective assistance of counsel.

2. Miller claims that the trial court's limiting instruction on similar transaction evidence was erroneous. The trial court's charge, however, was substantially the same as the pattern charge referred to approvingly in *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999), and did not, as the instruction we found to be erroneous in *Rivers*, direct the jury that they could consider similar transaction evidence to show any "element of the offense charged in this indictment." Id. at 710 (1). We find no error.

3. Miller claims that the trial court erred in limiting his closing argument to one hour. Specifically, Miller contends that because he was subject to a possible life sentence under OCGA § 16-13-30 (d) as a repeat drug offender (see *Hailey v. State*, 263 Ga. 210, 211 (2) (429

---

[1] Miller was tried in 2003. Prior to July 1, 2005, OCGA § 24-9-20 (b) provided, inter alia, that "[i]f a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."

SE2d 917) (1993)), he was entitled to two hours for his closing argument under Uniform Superior Court Rule 13.1. We disagree.

USCR 13.1 provides that "[c]ounsel shall be limited in their arguments as follows: (A) Felony cases punishable by the death penalty or life in prison — 2 hours each side." Rule 13.1, however, must be construed consistently with the substantive law. See *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64, 65 (1) (374 SE2d 785) (1988).

In this regard, OCGA § 17-8-73 provides: "In felony cases other than those involving capital felonies, counsel shall be limited in their closing arguments to one hour for each side. In cases involving capital felonies, counsel shall be limited to two hours for each side." A reference to a crime as a "capital felony" is generally used to distinguish felonies in which the death penalty is a possible punishment from those felonies in which death can never be inflicted as a punishment. See *Caesar v. State*, 127 Ga. 710, 712 (57 SE 66) (1907); see also *Monroe v. State*, 272 Ga. 201, 201-202 (2) (528 SE2d 504) (2000) (murder is a capital felony because the death penalty is a possible punishment, even if the death penalty is not sought). Miller was not indicted for a crime that could be punished by death. See OCGA §§ 16-13-2; 16-13-30; 16-13-31. Thus, Miller was not entitled to a two-hour closing argument, and the trial court did not err in limiting him to one hour.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006 — ▮▮▮▮▮▮▮

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.